## THE STATE v. BLACKWELL.

1. A discharge from a former indictment, upon payment of costs, in consequence of the refusal of the prosecutor to prosecute further, is no bar to a subsequent indictment.

2. When the evidence disclosed that the defendant presented a gun within shooting distance of, and against the prosecutor, who was then armed with a knife, and about to attack the defendant, this is no assault, if there was no attempt to use the gun, or intention to use it, unless first assailed with the knife.

3. When a jury disagree with regard to the evidence, and return to the Court for further instructions, it is no error for the Judge to remark, that it was more probable the recollection of a majority of the jury was correct, than that of the minority, as there was nothing to show it was intended to instruct the minority to yield their opinion.

On questions reserved as novel and difficult by the Judge presiding in the Circuit Court of Talladega.

BLACKWELL was indicted at the spring term of the Circuit Court of Talladega, for the year 1842, for an assault, with intent to commit a murder, on one Morgan; and also, for an ordinary assault and battery. He pleaded—1. Not guilty. 2. A former acquittal; and 3. A former discharge. These pleas are pleaded in short, by consent, and the replications are in the same manner. At the spring term, 1845, he was tried upon the indictment, convicted upon the count for the assault and battery, and sentenced to sixty days imprisonment in the common jail, in addition to the fine assessed by the jury.

At the trial, the defendant read in evidence the record of a cause entitled The State v. Blackwell, and proved himself to be the same person therein named. From this it appeared, that an indictment was returned a true bill at the fall term, 1841, against him, for an assault and battery upon one Anthony Morgan, on the 10th day of November, 1841. The judgment entry sets out, that the defendant came in his own proper person, and the prosecutor refusing to prosecute further, it was considered by the court, that the defendant be discharged on the payment of costs. It further appeared, that at the spring term, 1842, the same indictment on which the said judgment of discharge was entered, was quashed, and the defendant held in custody to answer a new indictment; which new indictment is the one upon which the conviction was had.

There was evidence tending to prove that there was a quarrel between the defendant and Morgan. After some words had passed, Morgan drew his knife and rushed at the defendant with the seeming intention of cutting and threatening to kill the defendant; whereupon the defendant retreated, and in his retreat seized and presented a gun, then telling Morgan if he rushed upon him he would kill him, but the defendant did not shoot or attempt to shoot. Afterwards the defendant and Morgan fought, the gun not being used. Morgan, as a witness, swore that the defendant and himself never had but the one fight, as disclosed by the facts before stated, and that this occurred in the month of June, 1841.

On this evidence, the Court charged,

1. That the record of the former indictment and discharge, read in evidence, afforded no defence to the defendant.

2. That if the defendant presented his gun within carrying distance at Morgan, in a rude manner, although Morgan may have been advancing towards him with a drawn knife, and although the defendant did not design or attempt to shoot, or to strike with it, yet the defendant, under such a state of facts, was guilty of an assault, though not of an assault with intent to murder; also, that if Morgan did rush on the defendant with a drawn knife, the latter ought to have retreated out of Morgan's way, if with safety he could have done so.

The defendant then asked the following instructions, the

proof being such as to warrant the taking the several positions before the jury.

1. That if they believed an indictment for an assault and battery upon Morgan, was found at the Fall term, 1841, and then disposed of by the discharge of the defendant therefrom, and after the discharge the same indictment was quashed at the next term, for the omission of the Solicitor's name to the indictment, it was a discharge of the subsequent prosecution, although the defendant was then ordered to be retained in custody until a new indictment was found.

2. That if the jury should believe the facts were as above stated, the former discharge, if for the same assault and battery, was a discharge of this indictment.

3. That if the facts were as stated in the first charge asked, then the discharge upon the first indictment, is a complete discharge to the second count of this indictment, if the jury should find that there was but one assault and battery.

4. That if the jury believed Morgan drew his knife and rushed at the defendant, threatening to kill him, and the defendant then presented his gun, saying he would shoot if Morgan rushed on him, and the jury believed he did not design to shoot unless rushed on by Morgan; then he was not guilty of an assault.

5. After the jury had deliberated for twenty-four hours, they returned into Court for further instructions, stating that they disagreed, merely, as to the evidence.   On this subject, the Court said to the jury, they should counsel together, and try to find a verdict; that if there was a disagreement as to the evidence, it was more probable that the recollection, as to the facts, of a majority of the jury was right, than that of the minority.

The defendant objected to these several rulings of the Court, and on his motion, the presiding Judge reserved the questions of law arising on them, as novel and difficult, for the revision of this Court.

Bowdon, for the defendant.

Attorney-General, for the State.

11

GOLDTHWAITE, J.—1. It is by no means a clear proposition, that a judgment may be explained, or even in any way modified, by evidence *aliunde ;* but conceding the utmost effect to all the evidence touching the discharge of the defendant upon the former indictment, we think it comes to nothing more than is shewn by the first entry, which is that he was discharged without any trial or attempt at trial, for the reason that the prosecutor refused to proceed further with the prosecution. This is, in legal effect, the same thing as a discontinuance, or a *nolle prosequi ;* which, so far as we are advised, has no where been considered as entitling the prisoner to his discharge. There can be no pretence that any discharge operates as a bar to a future prosecution, when a jury is not sworn and charged with the prisoner. [The State v. Ned, 7 Porter. 187.] There is, therefore, no error in the first charge given by the Court.

2. But in giving the second charge, we think the Circuit Court misapprehended the law with reference to assaults. An assault is defined by Blackstone, to be an attempt or offer to beat another without beating him : [3 Com. 120.] and it seems entirely clear, that when there is no attempt to inflict personal violence on another, there can be no assault. It is laid down that an act, which *prima facie,* would indicate an assault, may be explained by words spoken at the time, as when one, during assize time, in a threatening posture half drew his sword from its scabbard, and said, if it were not that it is assize time I would run you through the body. This was held to be no assault—the words explaining that the party did not mean immediate injury. [Vin. Ab., Trespass, a, 2.] So, here ; although the gun was held in a threatening position, yet if there was neither the attempt to use or the intention to do so, unless assaulted by his adversary, the defendant can in no manner be said to be guilty of an assault. It appears that a fight afterwards ensued, but we are not informed which was the assailant, nor can we undertake to determine that the charge we have just ascertained is erroneous, may not have produced the conviction. As to the other portion of the charge in this connexion, it is unnecessary to be examined, because so far as the case goes, it is not shown

that any assault was then committed, and therefore we need not determine what circumstances will justify one.

3. The conclusion to which we have already come disposes of the entire case, as presented, except the remark of the Judge to the jury, when it returned for further instructions. What was then said seems to be nothing more than the expression of a truism. If intended to influence the jury, and advise the minority that it was proper to yield their convictions of what the evidence was, to the impressions of the majority, it was erroneous ; but there is nothing stated from which that intention can be inferred, nor was such the necessary effect of what was said.

For the error we have ascertained, the judgment is reversed, and the cause remanded. The defendant to remain in custody until discharged by due course of law.

☞ Decided at June Term, 1845, and omitted by mistake.