# LAWSON *vs.* THE STATE.

[INDICTMENT FOR AN ASSAULT AND BATTERY.]

1. *Assault defined:*—To constitute an assault, there must be the commencement of an act, which, if not prevented, would produce a battery : the drawing of a pistol, without presenting or cocking it, is not an assault.

From the Circuit Court of Macon.
Tried before the Hon. E. W. PETTUS.

THE prisoner was indicted for an assault and battery on one William Walker, and was convicted. The charge of the court, which was predicated on the evidence, and which is assigned as error, was, that if the prisoner "drew a pistol on the prosecutor, with the intention of shooting him, and was then within shooting distance, then he is guilty of an assault, although the pistol was not cocked or presented."

WM. P. CHILTON and JAS. E. BELSER, for the prisoner.

M. A. BALDWIN, Attorney-General, and GEO. W. GUNN, contra.

WALKER, J.—To constitute an assault, there must be the commencement of an act, which, if not prevented, would produce a battery.—State v. Blackwell, 9 Ala. 79; State v. Davis, 1 Iredell's Law R. 125; Bishop on Criminal Law, 409; 2 Archbold's Criminal Law, (Waterman's Notes,) 282–83; Roscoe's Criminal Evidence, 287. The drawing of a pistol, without presenting or cocking it, is not the commencement of such an act. The court erred, therefore, in the charge given.

The judgment of the court below is reversed, and the cause remanded.

RICE, C. J., not sitting.