# Walker *et al. v.* State.

*Indictment for Arson.*

1. *Verdict of guilty as to one count; effect of.*—A verdict finding the defendants guilty on a particular count of the indictment, operates as an acquittal as to the other counts.

2. *Nolle prosequi; effect of entry of, as to one count.*—An entry of *nolle pros.* as to one of several counts of an indictment, before the defendant is put in jeopardy by the empanneling and swearing of the jury for his trial, does not affect his acquittal of the count, but merely destroys that count, leaving the indictment as though the count had never been in it.

3. *Same.*—Several persons were jointly indicted, in an indictment containing two counts, the first charging arson in the first degree, and the other in the second. When the case was called for trial four of the defendants appeared, and by leave of the court, the "State entered a *nolle pros.* as to the first count of the indictment; and the defendants pleaded guilty as to the remaining counts, and were sentenced accordingly." At another term, the remaining defendants went to trial on the indictment, on a plea of not guilty, and the jury returned a verdict of guilty as charged in the first count, *held:* The entry of the *nolle pros.* put an end to the first count as to all the defendants, leaving the indictment as though it had originally contained only the second count; and having been in jeopardy as to the second count, the defendants could not be again tried for that offense; but the first count having been put out of the indictment, there was nothing in it to authorize a verdict of guilty on that count; and though the jury found a verdict of guilty of that offense, the defendants were never in jeopardy under that charge, and could be again indicted and tried for arson in the first degree.

APPEAL from the Circuit Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

The appellants, Lewis Walker and Cato Sellers, together with others were indicted for arson, at the fall term, 1875, of the Circuit Court of Wilcox county. The indictment contained two counts, the first charging that the defendants "did, in the night-time, wilfully set fire to, or burn a prison, to-wit, the jail of Wilcox county, which said prison was then and there occupied by persons lodged therein at night." The second count charged the defendants with "wilfully setting fire to, or burning the jail of Wilcox county, the said jail then and there being a building erected for public use." At the term at which the indictment was found, a trial was had as to all the defendants except the appellants. On the trial, the State entered a *nolle prosequi* as to the first counts, and the prisoners then on trial pleaded guilty to the second count, and were each sentenced to the penitentiary for five years.

[Walker v. State.]

At the spring term, 1878, the appellants were put on trial and the jury returned a verdict of " guilty as charged in the first count of the indictment," and assessed their punishment at ten years imprisonment in the penitentiary.

The appellants moved in arrest of judgment on the following grounds: 1. " Because the first count of the indictment upon which the jury rendered their verdict was ' *nol. prosed* ' at the fall term of the Circuit Court of Wilcox county, 1875." 2. " Because there was no count in the indictment charging the defendants with arson in the first degree." 3. " Because the verdict of the jury was without authority of law, there being no count in the indictment to authorize such a verdict, it appearing from the record that said count on said indictment was *nol. prosed* at the fall term of the Circuit Court of Wilcox county, 1875." This motion was overruled, and the defendants each sentenced to the penitentiary for ten years. It was shown on the trial that the appellants were not present when the " *nolle prosequi* " to the first count was entered, being then confined in the penitentiary on another charge.

JAMES T. BECK, and JOHN MCCASKILL, for appellants. The count upon which the jury found their verdict was *nol. prosed* at the fall term, 1875, and there was no count in the indictment which charges arson in the first degree. The defendants could make no objection to the indictment before trial, because the only count in the indictment was the second count, and that was a good one.

H. C. TOMKINS, Attorney-General, *contra.*—The appellants were not present when the *nolle prosequi* was entered, and they were not parties to the proceeding; they would have been bound by no action or step taken at the time, and consequently can claim no advantage of anything which occurred then. The proceeding was " *res inter alias acta* " as to them.

STONE, J.—The defendants were found guilty on the first count in the indictment, without any mention in the verdict of the second count. This is equivalent to a verdict of not guilty on the second count, and the prisoner can not again be indicted or tried on that count.—*Murray & Bell v. The State*, 48 Ala. 675.

Seven persons, including the two appellants, were charged in one indictment with the crime of arson. The indictment

[Walker v. State.]

contained two counts, each charging the setting fire to, or burning the jail of Wilcox county. In the first count it was charged that persons occupied or lodged in said jail at night. This is arson in the first degree.—Code of 1876, § 4346. The second count describes the jail as a building erected for public use. This is arson in the second degree.—Code of 1876, § 4347. There is a wide difference in the measure of punishment attached to the two degrees. The indictment was found and filed in court at the fall term, 1875. At the same term, three of the defendants, not including the appellants in this case, were tried and convicted. The minute-entry states that the defendants, William Simpson, Monday Knox, H. C. Stephens, *alias* Calvin Stephens, and Robert Green came into open court, in their own proper persons and by counsel, "and the State with leave of the court entered a *nolle prosequi* as to the first count of the indictment, and thereupon the defendants, William Simpson, H. C. Stephens, *alias* Calvin Stephens, and Robert Green, each pleaded guilty as charged in the second count of the indictment," &c. Sentence was then pronounced on them. The defendants in the present case, Lewis Walker and Cato Sellers, were put on trial at the spring term, 1878, on the plea of not guilty. The verdict of the jury was, "we, the jury, find the defendants, Cato Sellers and Lewis Walker, guilty as charged in the first count of the indictment." It was then moved in arrest of judgment that the said first count of the indictment having been *nol. prosed*, there remained in the indictment only the second count; and the verdict of the jury being an acquittal of the charge contained in the second count, the prisoners were entitled to their discharge. The court overruled the motion, and sentenced the prisoners each to confinement in the penitentiary for ten years.

The entry of a *nolle prosequi*—(unwillingness to further prosecute)—in a criminal cause, before the defendant is put in jeopardy by the empanneling and swearing the jury for his trial, is of frequent occurrence. The effect is, not to absolve the prisoner from liability for further prosecution for the same offense. Its only effect is, to put an end to the then prosecution, before the prisoner had been jeoparded thereunder.—See *State v. Kreps*, 8 Ala. 951; *State v. Blackwell*, 9 Ala. 79; *Barnett v. The State*, 54 Ala. 579; 1 Bish. Cr. Law, (6th ed.) §§ 1014, 1015, *et seq*. This, however, is not the question presented by this record.

We think when the State entered a *nolle prosequi* of the

[Williams v. State.]

first count in the indictment, the effect was to destroy entirely that count, and to leave the indictment as containing only one, the second count. It stood then as if the grand jury had never preferred the first count. To hold otherwise, would be to enter on complications and embarrassments, upon which, in the absence of precedent, or some more substantial argument than we have yet perceived, we fear to enter. We think this question entirely unlike that which was considered in Aaron's case, 39 Ala. 75. The result is that the defendants were put to trial solely on the second count; and as we have shown above, the jury acquitted them of that charge. The verdict furnishes no warrant whatever for the judgment which the court pronounced, and the same must be reversed. But, inasmuch as the defendants have not' been put in legal jeopardy on the charge contained in the first count, they may be again indicted for that offense.

Reversed and remanded, but the prisoners will remain in custody until discharged by due course of law.