147 So. 450

## HULEN v. STATE.

### 8 Div. 691.

Court of Appeals of Alabama.

April 4, 1933.

Raymond Murphy, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

■ Two negro women living in adjoining houses engaged in a banter of words and epithets, calling each other names and using language not having a place in decent society. During the exchange neither left her own yard, but defendant got a pistol, pointed it at the prosecutor, and told her if she would get off of her porch she'd shoot her. Immediately prosecutor "hit the ground," put down her broom, and invited defendant to "come on." Whereupon defendant put down the pistol, turned her back, and slapped her backside with her hand. This ended the episode, and prosecutor then began this prosecution for an assault. To constitute an assault, there must be the commencement of an act, which, if not prevented, would produce a battery. Lawson v. State, 30 Ala. 14, 15.

■■ There are conditions where the drawing and presenting of a pistol may constitute an assault. Lawson v. State, supra; State v. Church, 63 N. C. 15. But where, as here, the evidence rebuts any presumption of an intended battery, there should be no conviction for an assault. The motion for a new trial should have been granted.

Reversed and remanded.