52 So.2d 169

### STEPHENS v. STATE.
#### 6 Div. 249.

Court of Appeals of Alabama.
April 17, 1951.

Henry J. Mayfield, of Tuscaloosa, for petitioner.

58

Si Garrett, Atty. Gen., for the State.

PRICE, Judge.

This proceeding is before this court on application for leave to apply to the circuit court for a writ of error coram nobis.

Petitioner, Lillie Mae Stephens, plead guilty to a charge of grand larceny in the Circuit Court of Tuscaloosa County on February 14, 1950 and her punishment was fixed at imprisonment in the penitentiary for a year and a day. An appeal was taken to this court on the record and the case affirmed without opinion on December 19, 1950. Application for rehearing was overruled on February 13, 1951.

The grounds upon which the application is based are as follows:

That appellant was indicted jointly with two other defendants, to-wit, Mamie Gandy and Viola Belton; and that prior to trial, the said Mamie Gandy and Viola Belton were released and the case against them was nol prossed;

That the appellant was unable to secure counsel to represent her until the day on which the case was called for trial;

That the appellant was induced and persuaded by her counsel to enter a plea of guilty against her will and consent; and that the appellant has never acknowledged her guilt, but on the contrary, has steadfastly maintained her innocence of the crime for which she was convicted. She was led to believe that by entering a plea of guilty she would avoid serving any sentence;

At the time of the trial in this case the appellant was unable to locate certain witnesses who would have testified as to her alibi, to-wit, that she was at her home and not near the scene of the alleged crime at the time the crime was alleged to have been committed. The appellant can now produce witnesses who will testify in this respect and who are Harry Ridgeway of Tuscaloosa, Alabama, and Mattie Williams of Tuscaloosa, Alabama. Both of these witnesses will substantiate an alibi for the appellant. Appellant was accused in this case of stealing six shirts from Weisel's Mens Store and was arrested several days later. Three persons were arrested for the same crime and appellant contends that hers was a case of mistaken identity and she prays for an opportunity to so prove to the satisfaction of the court;

The appellant has recently employed as her attorney Henry J. Mayfield, who has not had the opportunity of appearing in her behalf prior to this time.

The function of the writ of error coram nobis is to set aside a conviction obtained by duress or fraud, or when by some excusable mistake, or ignorance of accused and without negligence on his part, he has been deprived of a defense which he could have used at the trial or when facts have been concealed at the trial which if known would have prevented a conviction, and the accused cannot at the time present such matter in a motion for new trial, on appeal or other existing statutory proceeding. 24 Corpus Juris Secundum, Criminal Law, § 1606(b); Lamb v. State, 91 Fla. 396, 107 So. 535; Brown v. State, 250 Ala. 444, 35 So.2d 518.

In the instant case there is no claim that the plea of guilty was extorted from petitioner by duress, fraud, intimidation or deception of any character. Petitioner was represented by counsel of her own choice and the plea was entered on his advice. Such fact is not a ground for writ of error coram nobis. People v. Deutsch, 16 Cal. App.2d 121, 60 P.2d 155.

The matters that may properly be presented in an application are such as, if presented, would have prevented conviction, and not such as may have caused a different result. Hysler v. State, 146 Fla.

593, 1 So.2d 628; Chesser v. State, 92 Fla. 754, 109 So. 906. If the allegations of the petition are admitted as true, and if the witnesses named had been present, and their testimony had been such as asserted in the petition, it does not follow that a judgment of conviction would not have resulted. Pike v. State, 103 Fla. 594, 139 So. 196.

It affirmatively appears from the allegations of the petition that petitioner had knowledge of the existence of the facts complained of when she entered her plea of guilty, and it is not alleged that the facts were not made known to the court because of "actual, dominating fraud, duress, or other unlawful means actually exerted by some one not in privity with the petitioner or counsel, to prevent such discovery or ascertainment or disclosure to the court in due season". Lamb v. State, supra [91 Fla. 396, 107 So. 538]; Pike v. State, 103 Fla. 594, 139 So. 196. The writ is not intended to relieve a party from the consequences of his own negligence. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; 24 C. J.S., Criminal Law, § 1606.

The State filed affidavits of the attorney representing petitioner at the time the plea of guilty was entered, and Dr. R. M. Wallace, a former employer of petitioner. These affidavits deny all the material allegations of the petition.

The petition is insufficient to authorize the relief prayed for, and the application for leave is denied.