166 So.2d 917

**STATE.**

v.

**R. E. WILLIS, Jr.**

**4 Div. 480.**

Court of Appeals of Alabama.

Aug. 18, 1964.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for appellant.

R. E. Willis, Jr., pro se.

JOHNSON, Judge.

The State of Alabama filed application for rehearing requesting this court to reverse its original decision affirming the judgment of the Circuit Court of Houston County, Alabama, without an opinion.

The petitioner was indicted by the Grand Jury of Houston County on September 16, 1960, for the offense of burglary in the second degree. At the time the indictment was returned against the petitioner, he was in jail in Ozark, Alabama, on a charge of burglary in the second degree committed in Dale County, Alabama. In November, 1960, he was sentenced to thirteen months in the penitentiary by the Circuit Court of Dale County, Alabama, and then transported to Pike County, Alabama, where he pleaded guilty on November 11, 1960, to a charge of second degree burglary committed in Pike County, Alabama, and was sentenced to a second term of thirteen months in the penitentiary. Petitioner was then transported to Kilby Prison to begin serving the sentences imposed in Dale and Pike Counties.

Testimony of the petitioner at his hearing on his writ of error coram nobis, disclosed that the sheriff of Pike County notified the sheriff of Houston County on November 11, 1960, that the petitioner was available to be returned to Houston County to be tried on the indictment returned against him in September, 1960. Petitioner testified that he heard nothing from the officials of Houston County concerning the charge against him there. He further testified that while he was in the penitentiary, he wrote the circuit solicitor of Houston County, Alabama, requesting that he be carried to Dothan and tried on the charge against him but he never heard from the solicitor, and that he also wrote the sheriff of Houston County on March 29, 1961, and that this letter was acknowledged on March 30, 1961. Petitioner heard nothing further from the sheriff until he wrote him again requesting a trial in Houston County and the sheriff answered, in effect, refusing to bring the petitioner to trial until he had completed the sentences which he was serving.

When petitioner completed the two sentences he was serving, he was brought to Houston County, an attorney was appointed by the court, and, after a consultation with his attorney, he pleaded guilty to burglary in the second degree and was sentenced to four years in the penitentiary.

Petitioner filed a writ of error coram nobis in the Circuit Court of Houston County, alleging a denial of his constitutional right to a speedy trial and the court granted the writ. Hence, this appeal by the State of Alabama.

We think we erred in our original decision affirming the judgment of the trial court. The petitioner failed to raise the constitutional question in the trial below and plead guilty to the charge even though he made several unsuccessful attempts to obtain a trial prior to his release from prison.

The Supreme Court and this court have held many times that the function of the writ of error coram nobis is not to relieve a party of his own negligence of not raising issue at the time of the trial when he had full knowledge of the facts. Ex Parte Taylor, 249 Ala. 667, 32 So.2d 659; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Stephens v. State, 36 Ala.App. 57, 52 So.2d 169.

In Stephens v. State, supra, this court ruled that the entering of a plea of guilty on the advice of defendant's counsel without duress, fraud, intimidation or deception of any character was not a ground for writ of error coram nobis.

"Defendant's plea of guilty made without raising the question of the denial of a speedy trial constitutes a valid and binding

waiver of the right thereto." 57 A.L.R.2d 343.

Application for rehearing granted. Judgment reversed and cause remanded.

Reversed and remanded.

CATES, Judge (dissenting).

"[R]ight and justice shall be administered without sale, denial, or delay." Constitution 1901, § 13.

When a defendant, a convict already in the custody of the prison warden of the State of Alabama, makes known to the highest executive officer of the county that he wishes to be brought to trial and follows that up with notice to the chief public prosecutor to my way of thinking, he has already made his record—ineradicably. Thus, the constitutional requisites enforced in Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158, have here been complied with. To say that by pleading guilty to the indictment at a later date Willis has waived the right to a speedy trial puts a premium on public officers ignoring requests for trial.

The means for jail delivery in this State are vague enough as is Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308. To add a further turn to the labyrinthian maze neither comports with any notion of natural justice nor efficient public administration. Furthermore, it is my belief that a person, once indicted, unless he affirmatively consents otherwise, must be tried not later than the second sitting of the circuit court after the indictment has been served upon him. This I deduce from the requirements of common law habeas corpus and decisions based thereon. Duncan v. State, 42 Ala.App. 111, 154 So.2d 302, gives the basis for this belief.

Ordinarily, the State (as the prosecutor) is not to be put in the position of condoning crimes nor can it confess error so as to oust appellate courts of their jurisdiction. Code 1940, T. 15, § 389. However, indictments can be dismissed under T. 15, § 357, by the entering of a nol pros which is strictly a discontinuance and not a retraxit. Walker v. State, 61 Ala. 30. Also, the prosecution, by participating in a proceeding for a motion for a new trial, can put itself in a position of waiving the strict thirty-day requirement of T. 13, § 119.

So it is that I arrive at the conclusion which I hope is not startling either to fairness or reason, that upon the failure of the State to prosecute promptly after demand the law worked an automatic discontinuance of the prosecution. The result was that when Willis was finally brought to trial there was, in law, actually no indictment pending against him. If this be valid, the court was without jurisdiction. The fact that he was forced to plead to a nonexistent indictment breathed no life into the further proceedings.

That Willis is now before us by way of coram nobis, makes no legal difference. Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 came about thus.

I must respectfully dissent and trust that the matter will be placed before the Supreme Court of Alabama for decision by reason of the division of this court as fully as if certified by one of the judges under Code 1940, T. 13, § 88.