169 So.2d 439

Dan DUNCAN

v.

STATE.

7 Div. 785.

Court of Appeals of Alabama.

Nov. 24, 1964.

Dan Duncan, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from a judgment of the Circuit Court of Talladega County, Alabama, denying the appellant's petition for a writ of error coram nobis.

The appellant was arrested in Kansas in February, 1959, and shortly thereafter was tried and convicted in federal court for a violation of the Dyer Act and was sentenced to three years. While the appellant was serving this sentence in the Federal Penitentiary at Leavenworth, Kansas, a detainer was placed against him by the Sheriff of Talladega County, Alabama, on a charge of robbery allegedly committed in that County on February 12, 1959. On June 17, 1959, while confined in the federal penitentiary, the appellant filed a writ of habeas corpus ad prosequendum with the Clerk of the Circuit Court of Talladega County requesting that he be accorded his constitutional right to a fair trial. That writ was never answered.

The appellant was indicted by the Grand Jury of Talladega County on September 30, 1959, for the alleged robbery of February 12, 1959, and upon his release from the federal penitentiary in May, 1961, he was taken into custody and returned under proper authority to Talladega County by the Sheriff of that County to stand trial under this indictment. Trial was had under a plea of guilty on September 14, 1961, in the Circuit Court of Talladega County, and, in accordance with the jury's verdict, the appellant was adjudged guilty of robbery and sentenced to ten years in the state penitentiary.

The appellant filed a petition for writ of error coram nobis in the Circuit Court of Talladega County on March 6, 1964, alleging, among other things, that he was denied his constitutional right to a speedy trial. The court below denied this petition on May 15, 1964, and hence this appeal.

Judge Merrill, in speaking for the Supreme Court of Alabama, in the case of Ford v. Presiding Judge, Twentieth Judicial Circuit, 277 Ala. 83, 167 So.2d 166, quoted the well established rule adopted in McCary v. Kansas, 10th Cir., 281 F.2d 185:

"It is well settled that the failure of a state to bring a defendant to trial on a state charge during the period of his

confinement in a federal penal institution on a federal charge will not support a claim of denial of a speedy trial by the state court. The reason for the rule is that he is in custody in the federal penal institution because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge."

 Moreover, the function of the writ of error coram nobis is not to relieve a party of his own negligence of not raising issue at the time of the trial when he had full knowledge of the facts. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Stephens v. State, 36 Ala.App. 57, 52 So.2d 169; State v. Willis, 42 Ala.App. 414, 166 So.2d 917. It is apparent that the appellant knew of his right to a speedy trial at the time of his original trial as he had previously filed habeas corpus asking for a speedy trial. However, the appellant in no manner raised this constitutional question at that trial.

The record shows that the appellant was represented by able and experienced counsel upon whose advice he entered his plea of guilty to the charge of robbery. Therefore, as there is nothing in the record to support a claim that this plea was extorted from the appellant by fraud, duress, intimidation or deception of any character, the entering of this plea is not ground for writ of error coram nobis. Stephens v. State, supra.

Defendant's plea of guilty made without raising the question of the denial of a speedy trial constitutes a valid and binding waiver of the right thereto. State v. Willis, supra.

If the defendant voluntarily enters his plea of guilty with the advice and aid of the counsel, he waives any irregularity of

excessive amount of bond fixed by the court, if such was in fact excessive. Ex parte Shaffer, 93 Okl.Cr. 278, 227 P.2d 418.

For the foregoing reasons the judgment below is due to be and the same is hereby

Affirmed.

CATES, J., concurs in the result.