189 So.2d 760

**Britton TRAMMELL**

v.

**STATE.**

**6 Div. 178.**

Court of Appeals of Alabama.

May 24, 1966.

Rehearing Denied June 14, 1966.

Britton Trammell, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Originally filed in the Supreme Court, this appeal from the deniel of a petition for a writ of error coram nobis was submitted on March 24, 1966.

Trammell's confinement in Kilby Prison in the case of instant concern originated with a judgment in the Circuit Court of Jefferson County, August 31, 1951. Trammell, represented by counsel, appeared in the circuit court and plead guilty to a 1944 indictment for assault with intent to murder.

Upon having been adjudicated guilty and allocutus having been pronounced, the court passed judgment upon him and sentenced him to the penitentiary for a term of twenty years.

Trammell raises two claims of error to set aside this conviction.

## I.

*First,* he contends that in 1944 he was whisked off to Kilby Prison without a

preliminary hearing on some unspecified complaint which lead to his indictment later.

■ A person who is not brought before a committing magistrate and is detained by arresting officers is entitled to seek his liberty promptly, and if need be, by way of the writ of habeas corpus.

■ A convict, however, who, either in a penitentiary or being temporarily at large, commits another crime is not entitled to his liberty until he has served all of the sentences for which he is then imprisoned.

"Any convict who commits any public offense, during his confinement in the penitentiary, must be confined therein like other convicts, until his trial takes place, but, after the expiration of his former term of confinement, if the subsequent offense is bailable, he may be discharged from confinement, on giving sufficient bail for his appearance."—Code 1940, T. 45, § 68.

■ So that, a mere showing of a failure to bring a person before a committing magistrate does not show a violation of any constitutional right.

■ Moreover, after a person has been indicted, the failure to bring him before a committing magistrate becomes a moot question, since he is, after the action of the grand jury, not being held upon a mere warrant of arrest signed by an aggrieved citizen, but rather by reason of a solemn bill of indictment for which he must answer in the circuit court.

■ Certainly, in 1965, when the instant coram nobis proceedings first commenced, any claim of error in not taking Trammell before a committing magistrate in 1944 can well be described in the words of Lumkin, C. J., as "a judicial titmouse garbed in the plumage of an eagle."

We have only written to this point because it is one of the solipsistic arguments emanating frequently from the grievance-laden confines of Kilby Prison.

## II.

The other point which Trammell presses here is that the statute of limitations had run on his offense when he was brought to trial. He confuses his being brought to trial seven years after indictment as being automatically barred by the statute of limitations.

■ There are two answers to this. *First*, he filed a plea of guilty without pleading the statute of limitations, and had a lawyer with him at the time. *Second*, after an indictment is filed, the statute of limitations no longer runs, and nowhere are we advised as to when the assault, which we must assume took place, against a certain Edward Weems occurred.

■ As far as his constitutional right to a speedy trial, the Attorney General's brief quite aptly points to the case of Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158.

In that case the prisoner, Flummer, made a demand on the circuit court that he be discharged because he had not been given a prompt trial on indictments which had lain dormant for twelve years. See Duncan v. State, 42 Ala.App. 111, 154 So.2d 302(1). In State v. Willis, 42 Ala.App. 414, 166 So.2d 917, we held (2–1) that a plea of guilty constituted a waiver of any denial of a speedy trial. See also Duncan v. State, 42 Ala.App. 509, 169 So.2d 439(5).

■ Finally, coram nobis is not the vehicle for raising these questions, since they all reside in facts well known to the appellant at the time of his original conviction.

The judgment below is due to be

Affirmed.

JOHNSON, J., concurs in the result.