This is a consolidated appeal from a judgment of the Circuit Court of Tuscaloosa County denying James E. Corley's Petition for Writ of Error Coram Nobis. Represented by counsel from the Public Defender's Office, Corley, pursuant to a "settlement agreement", pled guilty on February 1, 1978, to six three-count indictments charging him with burglary, larceny, and buying, receiving, or concealing stolen property. The trial court sentenced Corley to three years in the State penitentiary for each case. No appeal was ever taken in these cases.
Corley's pro se petition was filed with the Tuscaloosa Circuit Court on April 3, 1980, and a hearing was held on July 11, 1980. Again represented by appointed counsel, Corley testified that at the time he entered his guilty pleas "I was under the influence I was pleading guilty to burglary." Corley stated that he was not being considered for "minimum custody or work release or anything like that" because the six indictments he pled guilty to contained three counts each. He admitted that he had "several more" felony convictions, including one for escape, in addition to his six guilty pleas. No other witness testified. The State cited Jones v. State, 373 So.2d 1221
(Ala.Cr.App.), cert. denied, 373 So.2d 1225 (Ala. 1979), the trial court denied Corley's petition, and oral notice of appeal was given.
Corley argues that he should not have been found guilty of both larceny and buying, receiving, or concealing the same property; however, he does admit that no appeal was taken on his six guilty pleas and that the three year sentence he received was less than it could have been had he been convicted on all three counts in each case.
Jones, supra, clearly holds that while an accused may not be found guilty of both larceny and buying, receiving, or concealing the same stolen property, that issue must be "properly and timely raised in the trial court." 373 So.2d at 1225. Here there is not even the assertion that this issue was ever raised prior to the instant petition. There is no claim that Corley's guilty pleas were the product of fraud, intimidation or duress. Stephens v. State, 36 Ala. App. 57,52 So.2d 169 (1951), and there is only his naked allegation that he "was under the influence" he was "pleading guilty to burglary." Johnson v. Williams, 244 Ala. 391, 13 So.2d 683
(1943). Corley at no time asserted he was innocent of the crimes charged or that he had a valid defense, a defect fatal in itself to the issuance of a writ of error coram nobis.Mayola v. State, 344 So.2d 818, 822 (Ala.Cr.App.), cert. denied, 344 So.2d 822 (Ala. 1977).
An application for error coram nobis should make a full disclosure of the facts relied on, not mere conclusions as to the nature and effect of facts. Thomas v. State, 274 Ala. 531,150 So.2d 387 (1963). Corley had every opportunity at his hearing to present whatever evidence he desired. *Page 225 
The petitioner bears the burden of submitting clear, full and satisfactory proof which extends beyond a mere balancing of probabilities to clearly and convincingly satisfy the court on the merits and allegations of the petition. Summers v. State,366 So.2d 336, 343 (Ala.Cr.App. 1978), cert. denied,366 So.2d 346 (Ala. 1979).
It appears to this Court that Corley is attempting to appeal his original convictions. However, the writ of error coram nobis does not serve the purpose of an appeal. Mayola, supra, 344 So.2d at 822. It is "not intended to provide a review by appeal where the complaining party has not sought to appeal and the time for appeal has long since expired." Creel v. State,53 Ala. App. 226, 298 So.2d 647, 649 (1974).
Consequently, the judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.