LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of the trial court denying this appellant’s petition for writ of error coram nobis after an evidentiary hearing thereon at which several witnesses, including the petitioner, testified. The petitioner was represented by distinguished counsel, who continues to represent him as appointed counsel on appeal and has in his brief presented issues as follows:
“1. Whether there was a Brady violation in the suppression of the statements of witnesses at the scene of the alleged crime.
“2. Whether Jerry received effective assistance of counsel in his criminal case.
“3. Whether the Defendant was denied the assistance of counsel at a critical stage of his case in violation of the Constitutions of the State of Alabama and of the United States and denied due process of law by not being given a hearing.”
All of the issues presented on appeal are substantially the same issues presented in the trial court on the hearing of the coram nobis proceeding. At the conclusion of the hearing on October 14, 1983, the trial judge said, “I will get an order out on this just as soon as I can, gentlemen.” On December 5, 1983, the following judgment was entered and filed:
“This is a petition for writ of error coram nobis which was submitted upon the pleadings, testimony and evidence on October 14,1983, and taken under advisement. The delay in entering this judgment has been based on several matters, including the careful review of the evidence and the law. Also, the delay has, in some respects, been caused by the fact that the court has come to know and have high regard for the plaintiff during the year that the plaintiff has been a trusty in the jail of this court.
“The plaintiff pleaded guilty to the offense of attempted murder on February 23, 1982; in compliance with a plea bargain was sentenced to twenty years in the State penitentiary. (Case number CC 82-0014).
“On April 27,1982, the petition for the writ was filed, with amendments filed up to September 28, 1983. The grounds on which the petition is based are as follows:
“1. Ineffective representation of counsel,
2. That the plaintiffs plea of guilt was not voluntarily and intelligently made,
3. That the plaintiff’s constitutional rights were denied,
4. That the plaintiff is not guilty of the offense,
5. That the plaintiff’s prior confession was untrue,
6. That the State withheld from the plaintiff, his attorney and the court, exculpatory information,
7. That the court overruled plaintiff’s motion for a new trial without a hearing,
8. That plaintiff’s attorney in the criminal matter had a conflict of interest in that such attorney represented a second defendant in the matter growing out of the same transaction as that which the charge against the plaintiff arose.
“The incident for which the plaintiff was arrested occurred on June 28, 1981, at the time of an affray in which one Phillip Peppers was shot with a pistol. On July 3rd, 1981, the plaintiff was arrested and charged with attempted murder of Peppers. On the same day, plaintiff gave a voluntary statement admitting that he had shot Phillip Peppers with a pistol which he had received from one Eddy Burns.
“At the time of the above incident, plaintiff’s brothers, Phillip and Roy Harvell, *464 were also involved in the affray. On the 6th day of July, 1981, Phillip Harvell gave a written statement in which he denied assaulting or shooting anyone. Phillip was subsequently indicted and charged with the offense of assault in the first degree upon the person of Roger Mansel.
“On the date of their arraignment, the same attorney was appointed to represent both plaintiff and his brother, Phillip. Roy Harvell was indicted and charged with the offense of assault in the first degree upon the same Roger Mansel. Roy appeared with retained counsel and the trials of plaintiff, Phillip and Roy were set on February 22, 1982.
“Robert Mansel, in an interview dated June 30, 1981, indicated that Roy Harvell assaulted him with a knife; however, on March 23rd, 1982, a jury found Roy Harvell not guilty of the offense for which he was charged. (Case No. CC 82-003). On May 24, 1982, the charge against Phillip Harvell was dismissed on motion of the State (Case number CC 82-002).
“In the interim, the plaintiff pleaded guilty to the charge of attempted murder.
“Considering the grounds stated in the plaintiffs petition and the evidence in support thereof, the court finds that there was no evidence tending to show actual prejudice to the plaintiff based on his attorney also representing Phillip Harvell (Hubbard v. State, Ala.Cr.App., 382 So.2d 577).
“In regard to plaintiff’s ground of the court’s ruling on the motion for new trial without a hearing, the pro se motion was filed on the 17th day of March, 1982, and the order denying the motion was entered on March 18. A copy of the order was mailed to plaintiff and his attorney and no other proceedings were instituted. It is well settled that coram nobis is not a substitute for appeal. (Corley v. State, Ala.Cr.App., 397 So.2d 223).
“The ground of involuntary plea was partially answered by plaintiff’s own testimony in this action. The plaintiff testified that his plea was voluntary, that his ‘rights’ were explained to him and that he understood that he was going to serve the twenty years. The court finds that the plaintiff is and was at the time of pleading, intelligent, articulate and under no misconception of any of the proceedings. Additionally, the plaintiff’s criminal trial counsel testified that the plaintiff told his counsel that plaintiff shot Peppers and that plaintiff never denied he shot Peppers. “The plaintiff, however, also raised the issue that his attorney advised him that if he did not plead and accept the twenty year sentence, that the trial judge had said he would sentence the plaintiff to thirty or thirty-five years. The plaintiff’s trial counsel in the criminal case testified that he did not remember telling plaintiff this and that the plaintiff himself told counsel that he would take twenty years. The court has long known that for one to deny an oral statement which is claimed one made is somewhat fruitless; however, the court certainly has no recollection of making such a statement.
“An otherwise valid guilty plea is not involuntary because it is induced by the defendant’s desire to limit the possible maximum penalty to less than that authorized if there is a jury trial (Graham v. State, Ala.Cr.App., 403 So.2d 275); the court finds that the plaintiff’s plea of guilty was voluntarily, knowingly and intelligently made and that defendant’s exhibit 6, (excerpt of proceedings), shows that a factual basis for plaintiff's plea was given.
“The plaintiff's grounds stated above as one, three, four, five and six are closely related and the court finds as follows:
“The court has carefully considered the evidence concerning the District Attorney’s file in the criminal case. The plaintiff's attorney in the criminal case testified that he did not file his motion for discovery due to the fact that the District Attorney agreed to allow the plaintiff’s counsel to examine the file; plaintiff’s attorney also testified that he had not read the interviews of the witnesses to the affray prior to plaintiff’s plea and that if he had read such interview he ‘believed he would have handled matters differently.’ The District *465 Attorney testified that all of the interviews (now plaintiff’s and defendant’s exhibits) were in his file when plaintiff’s attorney examined it.
“The court finds that all the interviews were in the District Attorney’s file and available to plaintiff’s counsel prior to trial; the court also notes that the name of each of the persons interviewed was listed on the indictment returned against plaintiff.
“The court has read each of the interviews of the witnesses in the criminal case and finds them contradictory and inconclusive. In the face of plaintiff’s voluntary confession to the Sheriff’s investigator, and plaintiff’s continued admissions to his criminal trial counsel, the full knowledge of the contents of the interviews by such trial counsel would not have tended to vindicate the plaintiff. The court finds that there was no duty on the part of the State to disclose to the plaintiff the inability of the witnesses to place the plaintiff at the very place of the assault. (U.S. v. Agurs, 427 U.S. [97] 104, 96 S.Ct. 2392 [2397] [49 L.Ed.2d 342]).
“There is no showing that the State gave the plaintiff false information which would have made his conviction seem a certainty. The State had in its possession certain facts which were available to the plaintiff and which remain, even to this point, un-controverted:
“1. That a pistol was loaned to the plaintiff by Eddie Burns,
“2. That the pistol could be identified and had characteristics similar to that of the assault weapon,
“3. That the plaintiff was present at the location of the affray,
“4. That no witness interviewed fully exculpated the plaintiff,
“5. That the plaintiff confessed to the offense.
“In regard to plaintiffs claim of ineffective counsel, the court has carefully considered the above-stated uncontroverted facts, the interviews of all the witnesses and the discussions between the plaintiff and his criminal trial counsel and finds that such counsel was fully competent and effective in his representation of the plaintiff. (Sheehan v. State, 411 So.2d [824] 844).
“Plaintiff testified in the instant hearing that his previous confession, and plea of guilt, to shooting Peppers were not true; that he gave the pistol to Phillip prior to the shooting and that plaintiff pleaded to the offense, among other reasons, to prevent Phillip from receiving an extended sentence, possibly life without parole. “Phillip testified that he received a pistol from plaintiff but declined to testify that he shot Peppers; Phillip Harvell also testified that he had been convicted of about nine felonies; the court takes judicial knowledge that Phillip Harvell is presently serving a sentence in the State penitentiary-
“The court notes that the plaintiff fails to show that he would not have pleaded guilty to the offense if he had been aware of the contents of the interviews. More to the point, the plaintiff failed to show that he was unaware of the culpability of his brother Phillip, or, for that matter, any other person, at the time of plaintiff’s trial.
“It is well-settled law that the office of writ of error coram nobis is to bring to the attention of the trial court an error of fact, unknown to the court or the affected party at the time of trial, which had it been known, would have prevented the judgment challenged, and that the writ serves as a motion for new trial on the grounds of newly discovered evidence (Vaughn v. State [Ala.Cr.App.], 395 So.2d 95).
“Furthermore, the mere existence of a confession of guilt by one other than the applicant, even if there had been such, will not furnish a sufficient reason for the issuance of the writ (Howton v. State [Ala.Cr.App.], 432 So.2d 548).
“Upon careful consideration, the court is of the opinion that the plaintiff’s petition for writ of error coram nobis should be denied and it is therefore ORDERED AND ADJUDGED that such petition be and is hereby denied; costs herein are hereby remitted; the Clerk is directed to mail a copy of *466 this judgment to Hon. T.J. Carnes, Hon. Everett Johnson, Hon. John Starnes and to Sheriff Walter Colbert.
“Done this the 5th day of December, 1983.
“William D. Jetton CIRCUIT JUDGE”
We are of the opinion that the trial court was well within its province in its determination of the issues of fact presented at the hearing on the coram nobis petition, that it correctly followed and applied well established principles of law to the facts as determined by it to be true, and that the judgment appealed from should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.