McMILLAN, Judge.
From a denial of appellant’s pro se petition for writ of error coram nobis, without an evidentiary hearing, this appeal follows. For the reasons outlined below, the order of the trial court denying appellant’s petition is affirmed.
On March 15, 1985, the appellant filed a pro se petition for writ of error coram nobis in the Circuit Court of Etowah County, Alabama. While incarcerated in the State prison system, the appellant was convicted of the offense of second degree escape and sentenced to an additional 25-year term in the penitentiary. In his petition, appellant alleged that he was “entitled to a new trial as a matter of law” because trial counsel was “insufficient” and did not “have a reasonable time for planning and consideration of a defense.” No affidavits were attached to the pro se petition and appellant does not allege what defense he would have provided his attorney to “plan and consider.” Additionally, appellant merely states that the appointment of defense counsel a mere three days prior to trial constitutes a denial of “adequate representation of counsel.”
After considering a motion to dismiss filed by the State, the Honorable Donald W. Stewart, Circuit Judge, Etowah County, Alabama, entered an order dismissing the petition. In his order, Judge Stewart made the following findings:
1. The undersigned Judge was the trial judge in the instant case.
2. Petitioner was charged with Escape First Degree and [because] all witnesses [were available], the trial court denied Petitioner’s Motion for a Continuance.
3. Petitioner, in the portion of his petition captioned “Facts” confirms that he, through his counsel, moved for a continuance which was duly denied by the court.
4. The petitioner fails to allege any facts supporting his allegation of ineffective counsel other than the allegation that “trial counsel was insufficient where he did not have a reasonable time for planning and consideration of a defense.”
It is from the denial of appellant’s petition, without an evidentiary hearing on the merits, that this appeal follows.
According to the appellant, the mere allegations of his petition authorize the relief requested and entitled him to an evidentia-ry hearing. In support of his position, appellant cites the recent case of Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). Although appellant argues that there is no “substantial variation” between Boat-wright and the instant case, such a position is not justified.
Unlike the appellant in the present case, the petitioner in Boatwright set out specific and meritorious allegations in his petition. Additionally, he attached sworn affidavits to his petition in support of the allegations and gave the names of witnesses who would be available to testify. Appellant’s position in the present case can be further distinguished from Boatwright based on the following factors:
(1) Other than the naked allegation that trial counsel was “insufficient” because *530 he did not have a “reasonable time for planning and consideration of the defense,” there is nothing in the instant petition to support the allegation;
(2) appellant does not indicate in his petition why a three-day period of time prior to trial to prepare a defense would be considered “insufficient;” and
(3) appellant does not show that this the error complained of would satisfy the “ineffective assistance of counsel” requirements of Washington v. Strickland, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Contrary to the appellant’s position, the mere naked allegation of ineffective assistance of counsel does not, and should not, entitle the appellant to an evidentiary hearing on the merits. As this court, per Judge Patterson, recently noted: “A hearing should not be granted without affidavits sufficiently refuting a record that appears correct [citations omitted].” Traylor v. State, 466 So.2d 185, 190 (Ala.Cr.App.1985). In reaching this conclusion, this court stated as follows:
“The trial judge properly denied appellant’s writ of error coram nobis without an evidentiary hearing.
“In considering a petition for writ of error coram nobis, a court may and should determine the “reasonableness of the allegations made in the petition and the probability or improbability of their truth.” [Citations omitted.] A court is not bound to accept at face value the allegations of the petition. [Citation omitted.’
“Holsclaw v. State, 429 So.2d 1185 at 1187 (Ala.Crim.App.1983). The appellant would have been required, at a hearing, to prove the truth of the allegations in his petition, Summers v. State [366 So.2d 336 (Ala.Cr.App.1978) ], supra, which he obviously could not have done in this case. A hearing should not be granted without affidavits sufficiently refuting a record that appears correct. Stephens v. State, 420 So.2d 826 (Ala.Crim.App.1982). Although appellant’s petition contains supporting affidavits, such are not sufficient to refute the record in this case. Appellant has submitted no affidavits to refute the judgment entry showing his presence at the jury’s empanelling, and the affidavit of Mr. Thomas directly contradicts appellant’s own testimony at trial.” Id.
In the present case, the appellant failed to make “reasonable” allegations which would sufficiently refute a record that appears to be correct. Additionally, no affidavits in support of the appellant’s petition were filed. Thus, the appellant was not entitled to an evidentiary hearing.
As the trial court noted in its order dismissing the petition, the appellant failed to allege specific facts to support his allegation of “ineffective counsel.” One of the threshold requirements for a meritorious petition for writ of error coram nobis is that the petition make “full disclosure of the facts relied on, not mere conclusions as to the nature and effect of facts [citation omitted].” Corley v. State, 397 So.2d 223, 224 (Ala.Cr.App.), cert. denied, 397 So.2d 225 (Ala.1981). As this court, per Judge Tyson, recently stated, the following is the function of the writ of error coram nobis:
“The office of the writ of error coram nobis is to bring to the attention of the court an error of fact, one not appearing on the face of the record, which was unknown to the court or the party affected, and which, if known in time, would have prevented judgment of conviction.” (Citations omitted.) Carter v. State, 473 So.2d 668 (Ala.Cr.App.1985).
In the present case, it is apparent that the appellant’s petition fails to meet the requirements of either the fundamental function or form of the writ. It is also apparent that the trial court correctly concluded that the petition should be dismissed, without an evidentiary hearing on the merits. Appellant’s failure to satisfy even the threshold requirements of the remedy justifies a conclusion that the order of the trial court should be affirmed.
AFFIRMED.
All the Judges concur.