COBB, Judge,
dissenting.
I respectfully dissent from the majority’s opinion, remanding with directions Kenneth Bertrand Taylor’s Rule 32, Ala. R.Crim. P., petition, for the trial court to make specific findings of fact regarding Taylor’s ineffective-assistance-of-counsel claims.[1] Although this was Taylor’s first opportunity to challenge counsel’s performance, I do not believe that his claims satisfy either the pleading requirements of Rule 32.3, Ala. R.Crim. P.,[2] or the specifici *1213 ty requirements of Rule 32.6(b), Ala. R.Crim. P.[3]
Before being heard on the claim, a petition must plead facts, which if true, entitle the petitioner to relief. See, Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). Thus, a sufficiently pleaded petition alleging ineffective assistance of counsel must plead facts indicating (1) that counsel’s performance was deficient, and (2) that the petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of guilty-plea proceedings, as in the instant case, a petitioner must show that but for counsel’s errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
In order to meet the burden of pleading, Rule 32.6(b), Ala. R.Crim. P., requires not only that a petitioner plead a “clear and specific statement of the grounds upon which relief is sought,” but also that the petitioner include a “jfull disclosure of the factual basis of those grounds.” (Emphasis added.) Rule 32.6(b), Ala. R.Crim. P., continues: “A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.” (Emphasis added.)
It has long been settled that when seeking postconviction relief “[o]ne of the threshold requirements for a meritorious petition for writ of error coram nobis [4] is that the petition make ‘full disclosure of the facts relied on, not mere conclusions as to the nature and effect of facts [citation omitted].’ ” Todd v. State, 484 So.2d 528, 530 (Ala.Crim.App.1985)(quoting Corley v. State, 397 So.2d 223, 224 (Ala.Crim.App.1981)). “Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.” Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion “which, if true, entitle[s] the petitioner to relief.” Lancaster v. State 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of facts in a pleading, which if true, that entitles a petitioner to relief. After facts are pleaded, which if true entitle the petitioner to relief, the petitioner is then entitled to an opportunity (as provided in Rule 32.9, Ala.R.Crim.P.) to present evidence proving those alleged facts.
Taylor’s claims regarding ineffective assistance of counsel asserted only conclusions; he provided no facts supporting those conclusions. Thus, Taylor’s ineffectiveness claim amounted to nothing more than a bare allegation, unsupported by any factual basis. The trial court’s summary dismissal of this claim is due to be affirmed. Therefore, I must dissent.

. The specific claims of ineffective assistance of counsel set forth in the majority opinion are quoted directly from Taylor's petition.

. "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponder- *1213 anee of the evidence.” Rule 32.3, Ala. R.Crim. P.

. "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.” Rule 32.6(b), Ala. R.Crim. P.

. Now a Rule 32, Ala. R.Crim. P., petition.