## Ex parte GEORGE WILSON.

No. A-10618.   Oct. 17, 1945.
(162 P. 2d 786.)

George Wilson, in pro. per.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   Petitioner, George Wilson, has filed in this court original petition for a writ of habeas corpus, alleging that he is illegally held in the State Penitentiary at McAlester.   In the petition it is alleged that he was tried and convicted in the district court of Wagoner county on or about July 18, 1935, for the crimes of burglary and assault with intent to kill.   He was charged in four counts of burglary, all having been committed in succession the same night, and one count of assault with intent to kill.   He was convicted and by the court sentenced to serve a term of ten years in the State Penitentiary on each of the five counts, to run consecutively.

It is alleged in the petition that petitioner did not have the assistance of counsel as provided by law, and that he was illiterate, and did not know that the sentences were to be served consecutively, but thought they were to run concurrently.

Response to this petition has been filed by the Attorney General on behalf of the Hon. R. B. Conner,

warden of the Oklahoma State Penitentiary. The response states:

"Respondent states that he holds said petitioner in custody pursuant to the judgment and sentence of the District Court of Wagoner County, Oklahoma, committing said George-Wilson to serve a term of 10 years upon a plea of guilty to the crime of burglary in the first degree after conviction of assault with intent to kill. That upon the conclusion of his present sentence, the said George Wilson is to be held in said penitentiary pursuant to three additional sentences of 10 years each for the crime of burglary in the first degree after conviction of assault with intent to kill, which said sentences are to run consecutively.

"Respondent further states that said George Wilson after committing said series of burglaries, shot and wounded the sheriff of Wagoner County and escaped, although he was later captured; that before entering his plea of guilty, he was fully advised by County Attorney E. J. Broaddus and District Judge Enloe V. Verner, now deceased, as to his right to counsel and other constitutional rights and the consequences if he should plead guilty; that said George Wilson entered his plea of guilty to each of said charges after being so fully advised, and with full knowledge of the consequences thereof."

The petition herein was filed on March 31, 1945. It was assigned for hearing on April 25, 1945. No one appeared in behalf of the petitioner, and no evidence was submitted to sustain the allegations of the petition. Petitioner did not attach copy of the judgment and sentence, nor any of the proceedings had in the trial court to his petition; and none of them were offered in evidence. Under this state of facts, the petition for writ of habeas corpus must be denied.

For the reasons above stated, the petition for habeas corpus is denied.

JONES, J., concurs. DOYLE, J., not participating.