## Ex parte HUBERT POTTER.

No. A.-10804.   June 18, 1947.

(182 P. 2d 527.)

Steele & Boatman, of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and L. A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   This is an original action in habeas corpus instituted by the petitioner, Hubert Potter, for the purpose of being admitted to bail upon a charge of murder now pending against him in the district court of Okmulgee county.

The verified petition alleges that the petitioner is restrained of his liberty in the county jail of Okmulgee county, by Jim Kirby, sheriff of said county. That he

now stands charged by information filed in the district court of Okmulgee county with the crime of murder, but the proof of his guilt of said crime is not evident nor the presumption thereof great. Attached to the petition was a certified copy of the transcript of the proceedings and testimony had in the preliminary examination in the justice of the peace court of H. D. Reed, on November 14, 1946.

It is unnecessary to comment upon the weight of the evidence at the hearing before this court. It developed that the petitioner made an application for bail before the district court of Okmulgee county, and after a hearing on said application, the district court made an order admitting the petitioner to bail in the sum of $10,000. It further appeared that petitioner was unable to make said bail and is still confined in the county jail of Okmulgee county.

It is our opinion, after consideration of the evidence presented in behalf of petitioner, that he has made a sufficient showing to be entitled to bail. Ex parte Centell, 38 Okla. Cr. 127, 259 P. 276; Ex parte Christenberry, 82 Okla. Cr. 378, 170 P. 2d 871.

At the time of said hearing, an order was made admitting the petitioner to bail in the sum of $7,500. In conformity to said order, it is the judgment of this court that the petitioner be admitted to bail in the sum of $7,500, said bond to be conditioned as provided by law, to be approved by the court clerk of Okmulgee county; and that when said bond is given and approved by court clerk of said county, that the petitioner be discharged from custody.

BAREFOOT, P. J., and BRETT, J., concur.