Ex parte BASIL (BOY) HILL.

No. A-10906.    Aug. 27, 1947.
(184 P. 2d 251.)

Thad L. Klutts, David Tant, and George Miskovsky, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Warren H. Edwards, Co. Atty., and George Lipe, Asst. Co. Atty., both of Oklahoma City, for defendants in error.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Basil (Boy) Hill, for the purpose of being admitted to bail upon a charge of murder which was then pending against him on a complaint filed before a justice of peace of Oklahoma county.

The verified petition alleges, in substance, that the petitioner was charged by complaint filed in the justice of peace court of Evert Crismore on July 2, 1947, with the crime of murder in connection with the death of one William Turman, which allegedly occurred on June 30, 1947. That your petitioner was duly arraigned in said court before said justice of peace and entered his plea of not guilty to said charge and was remanded to the common jail of Oklahoma county without bail. That no preliminary examination has been had and no date yet been set for the holding of a preliminary hearing for said petitioner on said charge.

That your petitioner filed his petition for writ of habeas corpus asking that he be granted bail before the Honorable Lewis R. Morris, district judge of Oklahoma county, but bail in said cause was denied.

The verified petition further alleges that the petitioner has been a resident of Oklahoma county for a long period of time. That he is engaged in the grocery business and has a large amount of property in said county; that your petitioner is not guilty of the crime of murder or any other offense, and that the proof of your petitioner's guilt is not evident nor the presumption thereof great. Attached to the petition and made a part thereof was a certified copy of the transcript of the proceedings had in the district court of Oklahoma county, upon the application for bail.

A response was filed on the behalf of the sheriff in which he stated that he was holding the petitioner pursuant to the commitment by the justice of peace pending a hearing before said justice of peace on a charge of murder pending in the justice of peace court against the petitioner.

At the hearing before this court, the petitioner testified at length concerning the alleged crime. In addition, he produced other witnesses to support his testimony. Counsel for petitioner also recalled for examination one of the witnesses used by the state who testified that prior to the fatal altercation, he had heard the deceased state that he was going to kill the defendant, Hill.

We do not deem it necessary to comment upon the weight of the evidence. It is our opinion, after a full consideration of all the evidence presented, both by the state and petitioner, that the petitioner has made a sufficient showing to be entitled to bail. Ex parte Centell, 38 Okla. Cr. 127, 259 P. 276; Ex parte Potter, 84 Okla. Cr. 345, 182 P. 2d 527.

At the time of said hearing an order was made admitting the petitioner to bail pending his preliminary examination in the reasonable sum of $20,000.

In conformity to said order, it is the judgment of this court that the petitioner be admitted to bail in the reasonable sum of $20,000, said bond to be conditioned as provided by law for his appearance at the preliminary examination, said bond to be approved by the justice of peace, Evert Crismore, of Oklahoma county, and that when said bond is given and approved that the petitioner be discharged from custody.

BAREFOOT, P. J., and BRETT, J., concur.