## Ex parte BILL KIRK.

No. A-11207. May 18, 1949.

(206 P. 2d 594.)

Bill Kirk, pro se.

Mac. Q. Williamson, Atty. Gen., for respondent.

JONES, P. J. This is an original action in habeas corpus instituted by the petitioner, Bill Kirk, to secure his release from confinement in the penitentiary.

The verified petition alleges that petitioner was charged by information filed in the district court of Tulsa county with the crime of robbery; that he entered a plea of not guilty upon arraignment in the district court, was tried, convicted, and sentenced to serve 35 years' imprisonment in the State Penitentiary.

He further alleged that the district court of Tulsa county did not have jurisdiction to pronounce sentence against the petitioner for the following reasons:

1. No complaint or preliminary information was filed to support the information in the district court.

2. No warrant was ever issued for the arrest of petitioner.

3. Petitioner was never accorded a preliminary examination and did not waive a preliminary examination.

4. Petitioner was denied sufficient time to prepare a defense and to subpoena witnesses in his behalf.

5. That the principal witness for the defendant was in a hospital at the time said cause came on for trial; that defendant's counsel requested the trial judge to grant him a continuance until said witness might be able to attend

court, but said request for continuance was denied; that counsel for petitioner was appointed by the court, but said petitioner was only allowed to consult with said counsel for about ten minutes before a jury was impaneled and petitioner placed upon trial; that your petitioner prepared the record for appeal in due time but said record was destroyed by one of the prison officials for the purpose of preventing the petitioner from filing his appeal.

Almost all of the grounds set forth in said petition are not matters which may be heard in a habeas corpus action after judgment has been pronounced. They are questions which could have been heard on appeal. The writ of habeas corpus cannot be substituted for appeal but will be limited to cases in which the judgment and sentence attacked are clearly void. Ex parte Jones, 80 Okla. Cr. 172, 157 P. 2d 916; Ex parte Smith, 84 Okla. Cr. 446, 184 P. 2d 118.

When this cause was set for hearing there was no proof offered on behalf of the petitioner to substantiate the allegation in his petition that an official of the prison had destroyed his record to prevent an appeal. The question of the alleged failure to have a preliminary examination and the other questions raised are matters which may not be heard in a habeas corpus proceeding. The accused by entering his plea of not guilty upon arraignment in the district court and proceeding to trial upon the information which was filed against him, waived any right he may have had to have presented the question that no preliminary examination was accorded him.

Eighteen years have elapsed since the judgment and sentence was pronounced. Courts view with suspicion allegations in a habeas corpus petition filed many years after judgment is pronounced, where issues of fact are raised dependent upon the memory of man. The most

charitable view that we can take of this proceeding is that petitioner has wholly failed to sustain one issue which would entitle him to the relief prayed.

The writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.