# Ex parte SHAFFER.

No. A-11405.   Jan. 24, 1951.

(227 P. 2d 418.)

John P. Shaffer, McAlester, petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, J.   This is an original action in habeas corpus instituted by the petitioner, John P. Shaffer, to secure his release from confinement in the State Penitentiary.

The verified petition alleges that petitioner was charged by information filed in the district court of Osage county, with the crime of burglary in second de-

gree; to which he entered his plea of guilty, and that he was assessed punishment on or about October 17, 1949, at six years in the State Penitentiary.

Petitioner alleges in effect that the district court of Osage county did not have jurisdiction to pronounce sentence against petitioner for the following reasons:

"1. Petitioner was denied the right to a just and speedy trial, being held in the county jail six months before being brought to trial.

"2. There is no record of the preliminary hearing, and the evidence presented at the preliminary hearing was not sufficient to bind petitioner over to district court.

"3. Petitioner was held for trial in the Osage County jail, in lieu of $10,000 bond, which was cruel and unusual, and contrary to the Oklahoma Constitution.

"4. Petitioner's counsel was incompetent and said counsel tried to disqualify himself.

"5. Petitioner has tried repeatedly to secure copies of the information and minutes of preliminary, but these records have been denied him."

Petitioner further argues that he was coerced in pleading guilty; was beaten while awaiting trial; that another person named and alleged to be serving a sentence in the Kansas State Penitentiary had signed a statement implicating defendant in the burglary in question; that since his imprisonment the stolen goods have been recovered and from the person accusing him; that petitioner is a layman and knows nothing of law or procedure.

The warden of the State Penitentiary has, by the Attorney General, filed a response in which it is set out that defendant is in custody pursuant to four sentences pronounced by the district court of Osage county under

date of October 17, 1949, and that in each case petitioner was charged with burglary in the second degree and entered his plea of guilty to each of said charges, whereupon he was sentenced to six years in each case, the sentences to run concurrently, and that petitioner was represented by an able and reputable attorney. It is further set out that petitioner has served terms heretofore, one in the Oklahoma State Penitentiary, and one in the Kansas State Penitentiary for burglary, the present being his third term, and that a detainer has been lodged with the warden by the sheriff of Rogers county, Oklahoma, where petitioner is wanted for trial. Also that a hold order has been filed by the warden of the Kansas State Penitentiary, where prisoner is wanted as a parole violater.

Petitioner suggests that this court obtain the records, take depositions and subpoena witnesses and take testimony. The petition herein was filed on April 17, 1950, and rule to show cause was issued on the same day, and hearing set for May 24, 1950. No one appeared in behalf of petitioner, and no evidence was submitted to sustain the allegations of the petition. Petitioner did not attach to his petition copy of the judgment and sentence, or any of the proceedings had in the trial court, and none of them were offered in evidence.

A case similar in many respects to the present one was that of Ex parte Wilson, 81 Okla. Cr. 233, 162 P. 2d 786. There we said:

"Where petition for writ of habeas corpus is filed, praying for release from State Penitentiary, the burden of proof is on petitioner to sustain the allegations of the petition, when the allegations are denied by the response."

Also, the first three grounds of the petition involve matters to be considered on appeal, and could not be heard in habeas corpus proceedings. Ex parte Kirk, 89 Okla. Cr. 253, 206 P. 2d 594; Ex parte Norris, 88 Okla. Cr. 450, 204 P. 2d 291, and cases cited.

The record shows that petitioner is not unexperienced in criminal trials by reason of his criminal record, and that his counsel was a competent and trustworthy attorney, and petitioner's bare allegation to the contrary and his allegation of matters allegedly transpiring since his trial, under the facts as here, cannot be considered by this court. This court has repeatedly held that the writ of habeas corpus cannot be substituted for appeal, but will be limited to cases where judgment and sentence attacked are clearly void. In re Kirk, supra; In re Farr, 87 Okla. Cr. 411, 198 P. 2d 748.

The writ of habeas corpus is denied.

BRETT, P. J., and JONES, J., concur.