**Chesley W. RANDALL, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7165.**

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1963.

James E. Hautzinger, of Dawson, Nagel, Sherman & Howard, Denver, Colo., for appellant.

Robert M. Green, Asst. U. S. Atty., Wichita, Kan. (Newell A. George, U. S. Atty., Wichita, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Randall, was a co-defendant of Armour Bailey and others, in a criminal case involving the robbery of a State Bank at Colwich, Kansas. Randall pleaded guilty and was sentenced in proceedings which were substantially identical to the hearings held for Bailey, and this appeal presents the same questions as to whether Rule 11 and Rule 32 (a) of the Federal Rules of Criminal Procedure were complied with as those considered in Bailey v. United States, 10 Cir., 312 F.2d 679. The two cases were argued and decided contemporaneously, and the Bailey case controls the contentions made here, with one exception. Randall did not testify at the hearing on his motion under 28 U.S.C. § 2255, and he now contends that the trial court erroneously admitted testimony which revealed a privileged communication.

In substance, his attorney testified, without objection, that he represented Randall throughout all of the proceedings, including a preliminary examination before a commissioner; that he discussed the charges with him, and advised him in regard to all the charges then pending; and that prior to sentence Randall was advised as to the sentence which the court could pronounce. The attorney was asked if Randall had admitted to him the burglary of the Colwich, Kansas bank, and Randall objected to this question on the ground that it was a privileged communication. The court overruled the objection stating that, in his motion, Randall had attacked his attorney and had raised the question of the adequacy of his legal representation. He may have waived the attorney-client privilege by his pleading, but, under the circumstances of this case, we need not decide that question. In view of the fact that the evidence could no longer incriminate him and could have no bearing on his plea of guilty or the sentence imposed, and in view of the record, which so clearly shows that defendant's plea was voluntarily and understandingly made [1], it is inconceivable that this testimony could have had any effect upon the court's disposition of the motion. It was not, therefore, prejudicial.

Affirmed.

[1]. Randall attended a preliminary hearing before a United States Commissioner on the charge, following which he was bound over to the United States District Court to answer to the charge. Sometime thereafter he requested a meeting with an agent of the F.B.I., which was granted. He advised the agent that he had previously discussed the advisability of such an interview with his attorney. At this meeting Randall furnished the agent with the details of the robbery of the Colwich Bank and his part in it.