Jimmie Wayne SULLIVAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7248.

United States Court of Appeals Tenth Circuit.

April 5, 1963.

Roland E. Camfield, Jr., Denver, Colo., for appellant.

Robert M. Green, Asst. U. S. Atty., Wichita, Kan. (Newell A. George, U. S. Atty., Wichita, Kan., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSON, United States District Judge.

PER CURIAM.

In the United States District Court for the District of Kansas a grand jury returned a number of indictments against the appellant, Sullivan, and several co-defendants. One of these indictments charged Sullivan with bank robbery in violation of 18 U.S.C. § 2113. Sullivan, having pleaded guilty to all the charges, was sentenced to serve a term of 15 years for the bank robbery, and the sentences on the other charges were imposed to run concurrently with that sentence. This is a proceeding, under 28 U.S.C. § 2255, attacking the validity of the 15 year sentence upon the grounds: (1) that since

he made a confession as a result of an illegal arrest by state officers his pleas of guilty to the federal charges should be set aside; and (2) that his pleas were not voluntarily made with an understanding of the nature of the charges.

There is no merit to the contention that the pleas of guilty were invalid because they resulted from a confession obtained pursuant to an illegal arrest by state officers. The evidence is without conflict that the state arrest, on July 2, 1961, was in no way related to the federal charges. Sullivan was released on bond after the state arrest, and two days later a United States Commissioner's warrant was issued for his arrest on the federal charges. While, in some instances, unlawful detention by state officers may affect the admissibility of confessions or incriminating statements,[1] the rule has no application here. The record does not disclose that Sullivan was illegally arrested or detained by the state officers, and it is entirely devoid of evidence that federal officers participated in, or collaborated with state officers in any manner in connection with, the state arrest. Furthermore, if his guilty pleas were voluntary the illegal arrest resulting in an inadmissible confession would not constitute a ground for relief under 28 U.S.C. § 2255. Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247; Barnhart v. United States, 10 Cir., 270 F.2d 866.

Following the arrest upon the Commissioner's warrant Sullivan requested and was accorded a preliminary hearing before a Commissioner. At the preliminary hearing, which did not involve all the charges for which he was later indicted, he was bound over to the district court, bond was set, and he was released on bond. After the indictments were returned Sullivan was again arrested pursuant to warrants issued on the new charges, and, upon arraignment, he entered a plea of guilty to all charges. From the time of his initial arrest until sentence was passed Sullivan was represented by able counsel, of his own selection, who consulted with him continuously, advised him of the nature of the charges against him and the possible consequences flowing from those charges, and was present with him at all appearances in court. His plea of guilty and his appearance in court for sentencing were contemporaneous with, and the proceedings were identical to, those of his co-defendants, Bailey and Randall. We considered those proceedings in Bailey v. United States, 10 Cir., 312 F.2d 679, and Randall v. United States, 10 Cir., 314 F.2d 800, and concluded that the pleas were voluntarily made by the defendants, and that the court's procedure at arraignment and sentencing complied with the applicable rules. Fed.R.Crim.P. 11 and 32.

Leave to appeal in forma pauperis was granted, and the attorney who represented the appellants in the cases of Bailey v. United States, supra, and Randall v. United States, supra, was appointed to represent Sullivan. At the time of oral argument before this Court the attorney appeared and informed the Court that he had made a thorough investigation of the record, and that, in view of the decisions in Bailey v. United States, supra, and Randall v. United States, supra, he had concluded that the appeal was without merit. We have also examined the record and agree with the conclusions reached by appellant's counsel.

Affirmed.

---

1. Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829; Swift v. United States, 10 Cir., 314 F.2d 860.