Chesley W. **RANDALL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7465.

United States Court of Appeals Tenth Circuit.

Nov. 19, 1963.

Erwin A. Cook, Oklahoma City, Okl., for appellant.

Robert M. Green, Asst. U. S. Atty., (Newell A. George, U. S. Atty., District of Kansas, was with him on the brief), for appellee.

Before PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

For the second time the appellant is before this court seeking relief from a sentence imposed on a plea of guilty to a violation of 18 U.S.C. § 2113. In his first application under 28 U.S.C. § 2255 we held among other things that his guilty plea was made voluntarily and understandingly. Randall v. United States, 10 Cir., 314 F.2d 800, 801. In his second application he alleges that he was unconstitutionally denied equal protection because a codefendant received a 10-year sentence for the same offense and he, the appellant, received a 15-year sentence. The trial court appointed an attorney, held a hearing without the presence of the appellant, and denied relief after giving an explanation of the reasons for the disparity.

■ The sentence was within the statutory limits and is not subject to attack under § 2255 on the ground of severity. Jones v. United States, 10 Cir., 323 F.2d 864. Whatever criticism may be made of disparate sentences, the fact remains that circumstances affecting one defendant often justify a different sentence than that imposed on a codefendant. The trial court stated the circumstances which reasonably led it to pronounce different sentences in the situation now under consideration. This is not a case like United States v. Wiley, 7 Cir., 278 F.2d 500, 504, where a more severe sentence was imposed because a defendant elected to stand trial.

■ The claim that a reversal is necessary because the appellant was not present at the hearing has no merit. On his previous application under § 2255 appellant was present at the hearing which resulted in a holding, affirmed by this court in Randall v. United States, supra, that the plea was made voluntarily and knowingly. The application now before us raised no factual question justifying the presence of the petitioner.

Affirmed.