STURGIS, Chief Judge.
The appellant, having been charged with murder in the first degree, was represented by council of his own choosing. After being fully advised of his constitutional rights, he voluntarily entered a plea of guilty to murder in the first degree and was adjudged guilty thereof. The trial court permitted evidence of the facts to be presented and obtained a report of the Florida Parole Commission, then sentenced the defendant to life imprisonment.
Defendant filed a motion under Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, to vacate the judgment and sentence on the ground that illegally obtained evidence had been used against him, that in the absence of counsel he was coerced into making a confession of guilt, and that he was not taken before a magistrate or judge until more than two weeks after his arrest. This appeal is taken to review an order denying said motion, which order was entered without a formal hearing in the premises. The order is affirmed.
When the trial court, upon inspection of its records, finds that a motion under Criminal Procedure Rule No. 1 is totally withortt merit, it is proper to summarily deny the motion. The record on this appeal clearly reveals that this case is governed by that rule. The evidence received by the court subsequent to defendant’s plea was not made available to the defendant as a matter of right or designed to reopen the case on its merits. Its sole purpose was to aid the court in determining the punishment to be administered for the admitted crime; and it was entirely discretionary with the court to receive it. See Section 909.12, Florida Statutes, F.S.A. The defendant received the minimum sentence permissible under the law, and under the circumstances has no standing to complain.
Assuming arguendo that defendant should have earlier been presented before a magistrate or judge, that prior to entering the plea of guilty he was unlawfully coerced to make a confession of guilt, and that certain of his property had been unlawfully seized with the intent to use it against him in evidence on a trial of the charge, his plea of guilty herein rendered these subjects moot as there no longer exists any question of guilt or innocence of the crime charged. See Sullivan v. United States, 315 F.2d 304 (10 Cir. 1963), and United States v. French, 274 F.2d 297 (7 Cir. 1960), which hold that the issue of improperly seized evidence is offset by a plea of guilty. The rationale of that holding applies with equal force to the other issues presented by this appeal.
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.