**Fred A. NEWELL, #71210, Petitioner,**
v.
**The STATE of Oklahoma, Respondent.**
No. A–14209.

Court of Criminal Appeals of Oklahoma.
May 10, 1967.

Fred A. Newell pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding instituted by Fred A. Newell, #71210, to secure his release from confinement in the State Penitentiary by writ of habeas corpus.

From the records before us, it appears that this defendant heretofore on April 26, 1965 filed a petition in this Court for release by writ of habeas corpus, and his petition was denied. Newell v. Page, Okl. Cr., 401 P.2d 1003.

This Court has consistently held that after having denied a petition for writ of habeas corpus, it will not ordinarily entertain a subsequent application on the same grounds and facts, or on any other grounds or facts existing when the first application was made, whether presented then or not. Hibbs v. Raines, Okl.Cr., 344 P.2d 672; Hanger v. State, Okl.Cr., 373 P.2d 272, and cases cited.

The facts in this case, as shown by the records on file in this court, and in the office of the Pardon and Parole Board show that on October 20, 1943 this defendant, who was represented by able counsel and had been since his arrest, entered pleas of guilty in six separate cases pending in the district court of Tulsa County against him, charging petitioner with the theft of automobiles, and was sentenced in each case to serve ten years in the State Reformatory;

and on the same day he entered a plea of guilty to one charge of burglary, second degree, for which he was sentenced to serve seven years; and also entered a plea of guilty to a charge of larceny from the person, and was sentenced to serve five years therefor, all of said sentences to run concurrently with the first automobile theft case, No. 11052.

This petitioner was received at the Reformatory at Granite on October 22, 1943. On August 23, 1944 he escaped, taking a truck belonging to the Reformatory. He was returned to the prison, later tried in the district court of Greer County, Oklahoma, and given a term of five years for the larceny of the truck, and two years on the escape charge.

On February 3, 1945 defendant again escaped from the Reformatory, and this time took a car and the owner thereof from Granite, Oklahoma to Shamrock, Texas. He was later captured in Oklahoma and turned over to the Federal authorities, charged with kidnapping, and on trial was sentenced to serve 99 years in the Federal penitentiary.

On December 20, 1961 petitioner was paroled by the State of Oklahoma to Federal supervision, and on the same date the Federal authorities granted him a parole "to a suitable program" in his home, in Tulsa County.

On April 18, 1962, petitioner was convicted in Tulsa County on a charge of robbery with firearms, and sentenced to five years in the State Penitentiary, thus violating the terms of his parole. The parole granted by the Federal Government, and that of the State of Oklahoma, were revoked on May 3, 1962.

Petitioner states that he completed the service of the five-year sentence from Tulsa County on November 28, 1964, and "was reclassified as a parole violator, and returned to servitude of the October 20, 1943 sentence of ten years."

■ Petitioner complains that he was originally arrested on October 29, 1942, and not tried until October 20, 1943, claiming that he was thus denied a speedy trial, and held in jail over *six* terms of court. However, petitioner admits that during the time from his first arrest, October 29, 1942, until October 20, 1943, he was discharged from jail two different times, and last placed in jail July 12, 1943, and was tried in October, 1943, which was the second term of court after his first arrest. Further, when defendant, accompanied by his attorney, entered a plea of guilty to the offenses charged, he waived any grounds of complaint for lack of a speedy trial. Ex parte Shaffer, 93 Okl.Cr. 278, 227 P.2d 418, and other cases.

■ Petitioner also claims that he was entitled to credit for 336 days jail time, and that he was only given credit for 103 days time. Each of the sentences entered against this petitioner on October 20, 1943 contained the statement: "Defendant given credit for time in jail since July 12, 1943," which was the date the defendant was placed in the Tulsa County jail the third time on the eight charges. The statute, Title 57 O.S.A. § 138, specifically provides: "All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received in the penal institution." By escaping from the Reformatory at Granite, this petitioner forfeited his right to any credit for jail time, under the statute.

In his original petition for release by habeas corpus (Newell v. Page, supra) this petitioner mentioned only the first of the six car-theft cases, and his petition was denied. Thereafter petitioner applied to the United States District Court for the Eastern District of Oklahoma for habeas corpus, and he then appealed the decision of that court denying the writ to the United States Court of Appeals for the Tenth Circuit, which court affirmed the decision of the District Court.

From the foregoing, we are of the opinion that petitioner is not entitled to any relief by reason of his petition for habeas corpus.

Writ denied.

NIX, P. J. and BUSSEY, J., concur.