**Don Connelly CONROY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 68-C-258.**

United States District Court
N. D. Oklahoma.

Jan. 20, 1969.

---

Don Connelly Conroy, pro se.
No appearance for respondent.

## ORDER

DAUGHERTY, District Judge.

The United States Court of Appeals for the Tenth Circuit, on December 7, 1968, transferred to this Court a document signed by the above Petitioner and described as being in the nature of a Petition for Writ of Habeas Corpus. Accordingly, it has been filed in this Court under the above caption. The records of this Court reveal that the Petitioner above named was transferred from this judicial district to the United States Penitentiary at Leavenworth, Kansas, on November 15, 1968. He has not been in this judicial district since that date. An examination of the said Petition for Writ of Habeas Corpus indicates that the complaints raised therein are such as may be considered by a Motion under Title 28, United States Code, Section 2255, and, accordingly, the Court will treat the document as a Motion under Section 2255.

The document discloses the following complaints:

1. Refusal of this Court to allow the Petitioner to appeal in forma pauperis from convictions in three criminal cases in this Court [1] and sentences pronounced thereon on pleas of guilty by the Petitioner and a denial of an appeal from the Order denying the said appeals in forma pauperis.

2. Refusal of this Court to appoint counsel in connection with the desired appeals above mentioned.

3. Petitioner was not allowed to be present at every stage of the proceedings

---

1. The cases were Nos. 68–CR–84, 68–CR–90 and 68–CR–91, all United States of America v. Don Connelly Conroy.

against him in the three criminal cases, with particular reference to proceedings alleged to have been had in this Court on July 30, 1968, August 27, 1968, September 3, 1968 and October 15, 1968.

4. Denial of this Court to appoint substitute counsel in place of counsel previously appointed by the Court to represent the Petitioner in the three criminal cases at Government expense.

5. Failure of the Court to grant the Petitioner speedy trials in the three criminal cases above mentioned, and,

6. Failure of the Court to inform Petitioner as to Court dates and appearances whereby Petitioner could prepare his defense and also subpoena witnesses.

The Court finds and concludes that the six complaints above set out are each without merit or validity and, therefore, the Motion under Title 28, Section 2255, should be denied and dismissed without an evidentiary hearing. This conclusion is reached because the files and records of the cases conclusively show that the Petitioner is not entitled to relief under Section 2255, supra, on any of said complaints.

■ With reference to complaint 1, regarding a denial of the right to appeal in forma pauperis from his convictions and sentences on pleas of guilty in the three criminal cases, the Court refers to the Orders entered in said cases on November 19, 1968, and December 6, 1968, copies of which are attached hereto as Exhibits A and B for the purpose of reiterating the reasons why the Petitioner was and is not entitled to such appeals on the ground that the same were frivolous as a matter of law.

With reference to complaint 2, concerning the Court's refusal to appoint counsel to conduct Petitioner's appeals in forma pauperis mentioned immediately above, the same reasons that compelled the Court to deny leave to proceed in forma pauperis negated the appointment of counsel, namely, that such appeals were and are frivolous as a matter of law, as determined in the Court's Orders attached hereto as Exhibits A and B.

■ With reference to complaint 3, that the Petitioner was not permitted to be present at proceedings had in this Court on July 30, 1968, August 27, 1968, September 3, 1968, and October 15, 1968, the records and files of this Court conclusively show that no Court proceedings were had on any of said dates involving any of the three criminal cases against the Petitioner.

■ With reference to complaint 4, about the Court denying Petitioner the right to substitute counsel, the Court appointed competent counsel for the Petitioner who represented him throughout the proceedings before this Court in all three cases. The Petitioner did state on October 14, 1968, that he would like to remove his court-appointed attorney as he did not feel that he needed an attorney and wanted to enter a plea of guilty in all three cases. The attorney appointed for the Petitioner was a competent criminal attorney and was representing the Petitioner in a proper and capable fashion. The Court refused to remove the attorney from the cases. The Petitioner's right to counsel does not carry with it the right to select a particular lawyer as his court-appointed attorney. United States v. Burkeen, 355 F.2d 241 (Sixth Cir. 1966). Nor is the Court required to set aside the prior appointment of counsel and appoint new counsel in the absence of a showing of good cause. United States v. Burkeen, supra. Petitioner claims in his Motion, "that adequate representation was not to be had with counsel of record * * *" This is a bare conclusion and is not the requisite showing of good cause. Moreover, this was not the reason given to the Court according to the files and records of the cases, as shown by Exhibit C hereto.

■■ With reference to complaint 5, that the Petitioner was denied a speedy trial, the Court finds this complaint to be wholly and conclusively without merit according to the files and records in the cases. The Petitioner was arrested by the FBI on July 18, 1968, on the charge which eventually became Case No. 68–

CR–91 in this Court. On the same date he was taken before a United States Commissioner. On July 19, 1968, he again appeared before the United States Commissioner, waived counsel in writing, waived a preliminary hearing and was committed by the Commissioner for further proceedings before the United States District Court. On July 19, 1968, the same day, Judge Barrow of this Court appointed Mr. John D. Harris to represent the Petitioner. A Grand Jury was not in session at that time, but a session was called to start on September 4, 1968. This Court received Case No. 68–CR–84, on August 12, 1968, on a signed consent to transfer the case from the District of Kansas under Rule 20, F.R. Crim.P. This Court received Case No. 68–CR–90, on September 3, 1968, on an Information from the District of Oregon transferred under Rule 20, F.R.Crim.P. This Court entertained Case No. 68–CR–91, on September 5, 1968, on a Waiver of Indictment to the charge in this Court. At the same time (on September 5, 1968) the Petitioner was also before the Court for the purpose of arraignment in all three criminal cases. As Petitioner was being arraigned on the first case above mentioned, he requested that he be granted a mental examination. Further proceedings in the nature of arraignments were then halted and this request was granted. The written Application for Psychiatric Examination, Order of the Court granting same, the mental examination and Doctor's Report required approximately a month. On October 14, 1968, the Petitioner was again brought before the Court on the three criminal cases at which time the Court found the Petitioner to be mentally competent to stand trial based on the report of the examining psychiatrist. Following this finding, the Court started again to arraign the Petitioner on the three criminal cases during which proceeding the Petitioner requested that he be permitted to confer further with his counsel. This request was granted by the Court and Petitioner and his counsel were advised that they would be notified when

the cases were again set for arraignment. On October 30, 1968, the Petitioner was again brought before the Court and was arraigned on all three criminal cases at which time he voluntarily and intelligently entered his plea of guilty in each case, requested an early sentencing and later in the day, after receipt of a presentence report from the Probation Office, the Petitioner was senenced by the Court. In the first place, as the files and records of the cases reveal, the Petitioner himself was responsible for the delay from September 5, 1968 until October 30, 1968 by requesting a mental examination and time to confer further with his attorney. See 57 A.L. R.2d, at p. 314. The delay from July 18, 1968 until September 4, 1968, was due to a Grand Jury not being in session. But, in any event, the Petitioner's pleas of guilty in the three criminal cases made without his then raising the question of the denial of a speedy trial, as the files and records in the cases conclusively show, constituted a valid and binding waiver of the right to a speedy trial. 57 A.L.R.2d 343; Ex parte Shaffer, 93 Okl. Cr. 278, 227 P.2d 418 (1951). This complaint is, therefore, utterly void of merit.

■ As to complaint 6, with reference to a claimed failure of the Court to inform Petitioner as to Court dates and appearances whereby Petitioner could prepare his defense and also subpoena witnesses, the files and records of the cases conclusively show that the Petitioner pleaded guilty to the charges in the three criminal cases on October 30, 1968. Had Petitioner plead not guilty, he would have been afforded the necessary time to prepare his defense and subpoena witnesses. He was granted a mental examination as requested. He had experienced and capable counsel for over three months. His voluntary and intelligent pleas of guilty confessed the crimes and obviated any defense to the same. He never made a request to subpoena witnesses according to the files and records of the cases. There is no merit to this complaint.

This Petitioner voluntarily and understandingly waived indictment in the Northern District case and voluntarily and understandingly signed consent to transfer forms on the two charges from other Districts. He was afforded capable counsel throughout all proceedings before this Court. When first brought before the Court for arraignment on the local charge and the two transfers, he and his attorney in open court requested a mental examination. This request was granted and the Petitioner was examined by a local psychiatrist, who reported him to be mentally competent, able to defend himself and able to assist his counsel in the defense of his cases. The Court made a judicial finding of mental competency in open court after receipt of the report, a copy of which report was furnished to the Petitioner and his attorney. At the second effort to arraign the Petitioner on the three charges involved, and after the proceedings were underway, he requested that he have an opportunity to discuss the cases further with his attorney. This request was granted and approximately two weeks later the Petitioner was again brought before the Court for the third time for the purpose of being arraigned on the three charges. At this arraignment, the Petitioner entered pleas of guilty to all three charges. The nature of each charge, the consequences of a plea of guilty as to each charge, the voluntariness of his waiver of indictment in the local charge and his consent to the transfer of the two cases into this District for pleas of guilty and sentence and his pleas of guilty were all carefully gone into by the Court and the Court was responsibly satisfied that all of the proceedings involving this Petitioner were conducted while he was mentally competent, understood the nature of the proceedings and charges against him and the consequences of his pleas of guilty. The Court was then satisfied and is now satisfied of the vountary and intelligent nature of the Petitioner's pleas of guilty. Upon being sentenced to three ten-year concurrent sentences, the Petitioner in open court asked to appeal complaining that the sentences were harsh and severe. It was then explained to the Petitioner that these were the sentences imposed by the Court, that they were within the limits prescribed by the law and that an appellate court could not reduce the same.

From an examination of the files and records of the cases as related to the complaints now made by the Petitioner, the Court finds that said files and records conclusively show that there is no merit to any of the complaints and Petitioner's Motion under Section 2255, Title 28, United States Code, should be and the same is hereby dismissed.

Since filing this case, the Petitioner has sent the Clerk of this Court a Motion for a transcript of most of the records in his three criminal cases at Government expense. This Motion has been filed herein and is denied for the reason that the Petitioner is entitled to no relief on the complaints he has raised, as set out above.

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, Plaintiff, vs. DON CONNELLY CONROY, Defendant. | No. 68–Cr–84 Criminal No. 68–Cr–90 Criminal No. 68–Cr–91 Criminal |
| --- | --- |

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

The Defendant, after having announced in open court following his sentencing on pleas of guilty in the above cases of his intention to appeal, has filed herein certain papers which the Court liberally construes as a motion for leave to proceed in said appeal in forma pauperis.

28 U.S.C.A. § 1915 provides that any court of the United States may authorize an appeal in forma pauperis but that the same may not be taken if the trial court certifies in writing that it is not taken in good faith.

For the reasons given below, this motion must be denied as the Court hereby certifies that it is not taken in good faith.

The Defendant with counsel present entered pleas of guilty in each of the three cases above and asked that he be immediately sentenced. On the same day with counsel present his request was granted and he received three concurrent sentences of ten years each. He then complained of the severity of the sentences and expressed his desire to appeal his convictions and sentences entered upon his pleas of guilty for this reason. The Defendant was then advised by the Court that appellate courts had no authority to reduce the sentences imposed.

Defendant's pleas of guilty were convictions of the three offenses with which he was charged and sentences were imposed on him by his own acts. They are conclusive. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Severity of sentence is not a ground for appeal therefrom. Randall v. United States, 324 F.2d 726 (Tenth Cir. 1963); Egan v. United States, 268 F.2d 820 (Eighth Cir.) cert. den. 361 U.S. 868, 80 S.Ct. 130, 4 L.Ed.2d 108 (1959). Sentencing is within the sole province and discretion of the trial court. United States v. Pruitt, 341 F.2d 700 (Fourth Cir. 1965). The sentences herein are authorized by statute, 18 U.S.C.A. § 2314. An appeal therefrom is, therefore, frivolous and not taken in good faith.

Defendant's Motion to Proceed in Forma Pauperis is denied.

Dated this 19th day of November, 1968.

/s/     FRED DAUGHERTY
United States District Judge

---

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, <br><br> vs. <br><br> DON CONNELLY CONROY, Defendant. | No. 68–CR–84 <br> No. 68–CR–90 <br> No. 68–CR–91 |

---

### ORDER

By previous Order of this Court dated November 19, 1968, Defendant's Motion to Proceed in Forma Pauperis in the appeals of his cases was denied and the Court certified in said Order that such appeals were not being taken in good faith. The United States Court Clerk has forwarded to the Court a letter to him signed by the Defendant which is accompanied by a Notice of Appeal, an Affidavit of Poverty, and a new request to proceed in forma pauperis. Also attached to the letter is a purported copy

of a letter to the Clerk of the United States Court of Appeals for the Tenth Circuit which states that it encloses a Notice of Appeal.

Inasmuch as the Defendant claims that the Court rejected his original application to proceed in forma pauperis solely on the ground that the severity of his sentences was not appealable and ignored constitutional questions, the Court will consider these papers as a renewed motion to proceed in forma pauperis to appeal his convictions and sentences and a new motion to appeal the Court's Order of November 19, 1968, in forma pauperis.

Defendant neglects to mention anywhere on what constitutional questions he is relying to support an appeal from his convictions and sentences which resulted from his pleas of guilty. As the Defendant states no case on which the Court could take action such as granting leave to appeal in forma pauperis, the same is hereby denied, and, in the absence of any disclosure of the grounds of Defendant's appeals, the Court further certifies that said appeals are not taken in good faith. With respect to Defendant's request for leave to appeal the Court's Order of November 19, 1968, in forma pauperis, the same is hereby denied and the Court further certifies that said appeal is not taken in good faith.

The Defendant, as mentioned above, has apparently filed with the Tenth Circuit Court of Appeals a Notice of Appeal. Defendant may, if he so desires, apply to that Court for leave to proceed in forma pauperis.

Defendant's Motion to proceed in forma pauperis to appeal his convictions and sentences and to appeal the Court's Order of November 19, 1968, is denied.

It is so ordered this 6 day of December, 1968.

FRED DAUGHERTY
United States District Judge

## EXHIBIT C

### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,
Plaintiff,

-vs-                                              No. 68-CR-91

DON C. CONROY,
Defendant.

REPORTER'S TRANSCRIPT OF PROCEEDINGS
HAD ON OCTOBER 14, 1968
ARRAIGNMENT PROCEEDINGS

Before the Honorable Fred Daugherty, Judge Presiding

APPEARANCES:

Mr. James Ritchie United States Attorney, Tulsa, Oklahoma, appeared on behalf of the Plaintiff.

Mr. John D. Harris, Attorney at Law, Tulsa, Oklahoma, appeared on behalf of the Defendant.

THE COURT: United States of America versus Don C. Conroy, three cases; 68-CR-91; 68-CR-84; 68-CR-90.

Is the Defendant present in those cases?

MR. HARRIS: Yes, he is, Your Honor.

THE COURT: All right.

MR. RITCHIE: I believe he was arraigned on 68-CR-91 and set for sentencing.

THE COURT: By whom?

MR. HARRIS: Your Honor.

THE COURT: I don't think I completed it. It was in the process of arraignment that it was brought to my attention that there was some claim of mental incompetency.

MR. HARRIS: That is correct, Your Honor.

THE COURT: And I stopped the arraignment at that time in order that the Defendant be examined by a physician. I have received a copy of the report of the examining doctor, which I read to be a report that the Defendant is competent and was competent at the time of the alleged offenses in the case, and is competent now and has been to assist counsel in the preparation of the defense of the case.

I request a copy of this report be furnished the Defendant through his counsel. Has this been done?

MR. RITCHIE: Yes.

MR. HARRIS: Yes.

THE COURT: Is there anything either side desires to call or present to the court in reference to this matter?

MR. HARRIS: We do not, Your Honor; at least as his attorney I do not.

THE COURT: Anything from the Defendant?

THE DEFENDANT CONROY: No.

THE COURT: Anything from the government?

MR. RITCHIE: No, Your Honor. Not at this time.

THE COURT: Based on the contention of the Defendant as to his mental incompetency and the report of the doctor to whom the Defendant was referred for examination, and his report which I now hand to the clerk to file in the case, the court will make a judicial determination at this time that the Defendant is competent to proceed to trial and is competent and able to assist his attorney in the defense of these three cases.

Are you Don Connelly Conroy?

THE DEFENDANT CONROY: Yes.

THE COURT: Is that your true and correct name?

THE DEFENDANT CONROY: Yes.

THE COURT: What is your age?

THE DEFENDANT CONROY: Thirty.

THE COURT: Thirty?

THE DEFENDANT CONROY: Yes.

THE COURT: Does Mr. John Harris, who appears with you at this time, represent you in these three cases?

THE DEFENDANT CONROY: Yes, he does.

THE COURT: The Court calls first Case Number 68-CR-91, United States versus Don Connelly Conroy. This is the case originating in this court.

Prior to this time have you received a copy of the information prepared against you in this case by the United States attorney?

THE DEFENDANT CONROY: Yes, I have.

THE COURT: Have you read it?

THE DEFENDANT CONROY: Yes, I have.

THE COURT: Have you discussed it with your attorney?

THE DEFENDANT CONROY: Well, I guess you would say so.

THE COURT: Well, now, I don't say so at all. I'm asking you if you have discussed it with your attorney.

THE DEFENDANT CONROY: Your Honor, I would like to remove John Harris from my case.

THE COURT: You didn't put him there and you're not going to remove him. The Court appointed him and furnished him to you.

THE DEFENDANT CONROY: I don't feel I need an attorney. I would like to enter a guilty plea on all three indictments.

THE COURT: You have requested an attorney and an attorney has been appointed for you, so I'm not going to vacate the appointment. Are you ready to proceed?

THE DEFENDANT CONROY: Yes, sir.

THE COURT: He's here, he's been your attorney for quite some time, and you should avail yourself of his services.

Now, do you understand the nature of this charge against you in this case?

THE DEFENDANT CONROY: Yes, I do.

(EXCERPT CLOSED)

A TRUE AND CORRECT TRANSCRIPT

Certified: /s/ Larry E. Marks
United States Court Reporter
Northern District of Oklahoma
Tulsa, Oklahoma