UNITED STATES of America, Plaintiff,

v.

Jean L'AQUARIUS, Defendant.

No. CR–76–55–D.

United States District Court,
W. D. Oklahoma.

April 12, 1976.

David L. Russell, U.S. Atty., by Drew Neville, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff.

Richard W. Freeman, Oklahoma City, Okl., for defendant.

## ORDER TO REINSTATE NOTICE OF APPEAL AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

DAUGHERTY, Chief Judge.

Upon reconsideration of its Order dated March 23, 1976, striking as untimely filed defendant's Notice of Appeal dated March 16, 1976, it appears the defendant may have presented an earlier Notice of Appeal which was inadvertently misdirected to the clerk of the United States District Court for the Eastern District of Oklahoma. In the interest of justice and to relieve the defendant of any possible consequences which may not have been the result of his own doing, the court therefore reinstates the Notice of Appeal as duly and timely filed both as to the defendant L'Aquarius and defendant Anderson.

The defendants also desire leave to proceed in forma pauperis on appeal. 28 U.S.C.A. § 1915 provides that any court of the United States may authorize an appeal in forma pauperis but that the same may not be taken if the trial court certifies in writing that it is not taken in good faith.

For the reasons given below the request for leave to proceed in forma pauperis on appeal must be denied as the court hereby certifies that any appeal by said defendants is not taken in good faith.

Each of the defendants with counsel present February 13, 1976, entered a plea of nolo contendere to a charge of violating Title 16, United States Code, Section 668dd(c) and 50 CFR § 26.3, possession and occupancy of an area in the Wichita Mountain Wildlife Refuge without proper authorization. After the pleas had been accepted the defendants were referred to the Probation Officer for a presentence report. On March 5, 1976, after affording to the defendants and their counsel the right of allocution the court suspended the imposition of sentence on defendant Anderson and placed her on probation for a period of one year, and sentenced the defendant L'Aquarius to the custody of the Attorney General for imprisonment for a period of 90 days.

The defendants' pleas of nolo contendere have the same full effect as pleas of guilty. *Fisher v. Schilder,* 131 F.2d 522 (CA10 1943). A plea of guilty is a conviction of the offense with which a defendant is charged and the sentence is imposed upon him by his own acts. It is conclusive. *Ma-*

*chibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Any claim that the sentences are too harsh would be plainly frivolous. The severity of a sentence is not a ground for appeal therefrom. *Randall v. United States,* 324 F.2d 726 (CA10 1963); *Egan v. United States,* 268 F.2d 820 (CA8 1959), cert. denied, 361 U.S. 868, 80 S.Ct. 130, 4 L.Ed.2d 108. Federal appellate courts do not have the authority to review sentences. *United States v. Mackay,* 491 F.2d 616 (CA10 1973). Sentencing is within the sole province and discretion of the trial court and an appellate court will not act so long as the sentence is within the statutory limits prescribed by Congress. *United States v. Stidham,* 459 F.2d 297 (CA10 1972); *United States v. Pruitt,* 341 F.2d 700 (CA4 1965). The sentences imposed by the court were authorized by statute, 16 U.S.C. § 668dd(e). When the only issue presented for appellate review is the alleged excessiveness of the sentence the court may properly deny leave to proceed in forma pauperis on appeal. *Conroy v. United States,* 296 F.Supp. 693 (N.D.Okla.1969).

The defendants in support of their appeals have notified the court of their intent to invoke foreign laws and raise preconstitutional questions. Such notice presents no rational argument on the law or the facts in support of any claimed invalidity of the convictions and sentences in this case. See *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Defendants are self-proclaimed Essene priest and priestess who regard the use of marijuana as a sacrament of their professed religion. Any appeal grounded upon their religious practices or any supposed higher or antecedent law than the United States Constitution were waived by their pleas of nolo contendere. See *United States v. Grayson,* 416 F.2d 1073 (CA5 1969), cert. denied, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753, reh. denied, 397 U.S. 1003, 90 S.Ct. 1114, 25 L.Ed.2d 415, reh. denied, 399 U.S. 917, 90 S.Ct. 2191, 26 L.Ed.2d 576. The court is satisfied that any such esoteric issues which the defendants might want to pursue on an appeal are so frivolous that such an appeal would be dismissed in a case of a non-indigent defendant, applying the test prescribed by the Supreme Court in *Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958):

"Unless the issues raised [by the indigent seeking leave to appeal in forma pauperis] are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant, Fed.Rules Crim.Proc. 39(a), 18 U.S.C.A., the request of an indigent for leave to appeal *in forma pauperis* must be allowed."

Judging the defendants' good faith by the objective standard of whether they seek appellate review of any issue not plainly frivolous where they could make a rational argument on the law or the facts, the court concludes that there are none and therefore their appeals are not taken in good faith.

Accordingly leave to proceed in forma pauperis on appeal is denied.