UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 6/25/96**

BRADLEY H. KOACH,

Petitioner-Appellant,

v.

THOMAS WOOTEN, Warden; UNITED
STATES PAROLE COMMISSION,

Respondents-Appellees.

No. 95-1337
(D.C. No. 95-S-572)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Bradley H. Koach, a federal inmate and pro se litigant, appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the United States Parole Commission's determination of his eligible-for-parole date.

Koach was convicted of twenty counts of securities fraud, and sentenced in February 1993 to forty-eight months' (four years) imprisonment, made subject to parole pursuant to 18 U.S.C. § 4205(b)(2),[1] plus a five-year term of probation.  R., Tab 13, Attachment A. Koach also pled guilty to three counts of failing to file income tax returns, for which he was sentenced to one year's imprisonment, made subject to parole pursuant to § 4205(b)(2), plus five years' probation, plus an additional six-month period of confinement in a jail-type or treatment institution, not made subject to parole.  Id. at  Attachment B.  The terms of imprisonment imposed for Koach's income tax convictions were to run consecutively to each other and to the term of imprisonment imposed on his securities fraud convictions.  Id.

Koach initially appeared before the Parole Commission in June 1993.  Applying 28 C.F.R. § 2.20, the regulations that provide guidelines for determining when parole should be granted, the hearing examiner gave Koach a Salient Factor of 9 and an Offense Severity Rating of 6, which meant that Koach would be eligible for parole after forty to fifty-two

---

[1]     18 U.S.C. §§ 4201-18 were repealed effective November 1, 1987, Pub. L. No. 98-473, 98 Stat. 2027 (1984), but continue in effect for ten years after the effective date for those persons, like Koach, who have been convicted of an offense committed before the effective date, Pub. L. No. 101-650, 104 Stat. 5115 (1990).

months in custody. Koach's Offense Severity Rating of 6 was based on the hearing examiner's finding that Koach's fraud involved losses to his victims in excess of $1,000,000. The Parole Commission recommended that Koach be paroled after service of forty months. R., Tab 13, Attachment E. The National Appeals Board affirmed the hearing examiner's determination on administrative review. Id. at Attachment H. A second parole hearing was held on February 8, 1995, after which the Commission recommended a two-month reduction in Koach's sentence based on his superior program achievement while in prison. Id. at Attachment M. Thus, Koach was eligible for parole after serving thirty-eight months of his combined four-year and one-year parolable sentences, after which he was required to serve the additional nonparolable six months' confinement for his tax offense. The Regional Parole Commission affirmed this decision.

Koach raises five challenges: 1) There is no rational basis for the Commission's finding that his Offense Severity Rating is 6; 2) the aggregation of his six-month term of confinement for his tax offense with the remainder of his prison term required him to serve more than two-thirds of his prison sentence in violation of 18 U.S.C. § 4206(d); 3) the disparity of his sentence compared to the sentences of his codefendant and other individuals in the fraudulent scheme violates the Equal Protection Clause of the Constitution; 4) the Parole Commission's decision was arbitrary and capricious because it did not follow the parole guidelines and violated his right to due process; and 5) the Parole Commission reduced his sentence by two months in order to comply with parole guidelines, not as actual

3

credit for his "superior program achievement" award, and, therefore, he is still entitled to two months' credit.

We review the district court's decision to deny habeas relief de novo. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S. Ct. 129 (1993). "A decision by the Parole Commission may not be reversed by the courts unless it is arbitrary or capricious and an abuse of discretion." Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir. 1987). When the Commission's decision rests on factual determinations, those determinations will be sustained if they have "'a rational basis in the record.'" Id., (quoting Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir. 1982)). We have carefully reviewed the parties' briefs, the pleadings, the magistrate judge's recommendation, the district court's order and the entire record before us, and we find no reversible error. We briefly address Koach's contentions.

First, for the reasons stated in the magistrate judge's recommendation, R. Tab 17 at 6-8, as adopted by the district court, R., Tab 21 at 5, the evidence in the record clearly supports the Parole Commission's finding that Koach's offense involved fraud in excess of $1,000,000, which is the basis for setting his Offense Severity Rating at 6 under 28 C.F.R. § 2.20, Ch. Three, subch. D, note 331(a). The Commission properly considered evidence of the total loss to Koach's victims in the presentence investigation report. See Fiumara v. O'Brien, 889 F.2d 254, 257-58 (10th Cir. 1989), cert. denied, 495 U.S. 958 (1990)(upholding the right of the Commission to consider conduct for which a prisoner was not charged so

4

long as there is a connection between the uncharged behavior and the crime for which the prisoner was sentenced).

Second, the district court correctly concluded that Koach's six-month sentence for his tax offense was not required to be aggregated with his remaining sentences for purposes of the early release provisions of 18 U.S.C. § 4206(d). R. Tab 17 at 5-6; Tab 21 at 2. Koach's six-month sentence for his tax offense was not imposed under 18 U.S.C. § 4205, and therefore is subject neither to parole nor to the provisions of 18 U.S.C. § 4206(d). Moreover, because the sentence is less than one year, the Parole Commission has no jurisdiction over it under 18 U.S.C. § 4205(a). Koach concedes that service of thirty-eight months is less than two-thirds of his combined four- and one-year sentence.

Contrary to Koach's third contention, he is not entitled to the same parole status as his codefendant. Lynch v. United States Parole Comm'n, 768 F.2d 491, 497 (2d Cir. 1985); see also Randall v. United States, 324 F.2d 726, 727 (10th Cir. 1963)(rejecting contention that Equal Protection Clause is violated because codefendant received more lenient sentence than petitioner). As explained in the magistrate judge's recommendation and the district court's order, Koach's rights were not violated because of any disparity in his parole status compared to these individuals. R., Tab 17 at 11-12; Tab 21 at 4.

As to Koach's fourth contention, we are satisfied from our review of the record that Koach received all of the due process to which he was entitled. Parole was not denied; therefore, the provisions of 18 U.S.C. § 4206(b) are inapplicable. The hearing examiners and

the Commission adequately set forth in the hearing summaries and the Notices of Action the reasons for their parole determinations. R. Tab 13, Attachments E, F, H, M, and N. Koach waived the late disclosures of his institutional file, id. at Attachment D, and was represented by counsel at his first parole hearing. The parole determination was within the parole guidelines. Koach's remaining contentions that the Commission's decision was arbitrary and capricious repeat the arguments he has made elsewhere, and need no further discussion.

Finally, as to Koach's last contention, it is clear from the record that the Commission advanced his parole date by two months as credit for his "superior program achievement," not, as he contends, to conform with the parole guidelines: Koach's parole date would have been within the guidelines even if the Commission had not given him this two-month reduction.

Thus, for substantially the same reasons set forth in the magistrate judge's recommendation and the district court's order dated July 31, 1995, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge

6